Donald Edward **BELL**, Appellant–
Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 10A04–9709–CR–391.

Court of Appeals of Indiana.

June 8, 1998.

---

Jeffrey D. Stonebraker, Chief Public Defender, Jeffersonville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rosemary L. Borek, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Donald Edward Bell appeals from the revocation of his probation. The sole issue presented for our review is whether the trial court properly ascertained that Bell's decision to proceed without counsel at his revocation of probation hearing was voluntary.

We reverse and remand.

1. It is undisputed that Bell was intoxicated when he appeared at a meeting with his probation officer.

### FACTS AND PROCEDURAL HISTORY

On August 13, 1996, Bell pled guilty to Intimidation, as a Class D felony. The trial court sentenced Bell to a one and one-half year suspended sentence to be served on probation. On March 10, 1997, the State filed a petition to revoke Bell's probation alleging that he had committed the offense of Public Intoxication.[1] Bell was later charged with and pled guilty to that offense. At the initial probation revocation hearing, Bell admitted that he had pled guilty to the public intoxication charge. The trial court then held an evidentiary hearing at which the State presented evidence of Bell's intoxication.[2] The court found that Bell had violated the terms of his probation and ordered him to execute his previously suspended sentence.

### DISCUSSION AND DECISION

Bell argues that he was denied the right to due process when the trial court allegedly failed to ascertain whether his decision to proceed without counsel at the probation revocation hearings was voluntary. We agree.

■ A defendant is entitled to certain due process protections prior to the revocation of his probation. These protections include "written notice of the claimed violation, disclosure of the evidence against him and the opportunity to be heard and present evidence, the right to confront and cross-examine witnesses and a neutral and detached hearing body." *State v. Cass*, 635 N.E.2d 225, 226 (Ind.Ct.App.1994) (citations omitted), *trans. denied*. Additionally, the defendant is entitled to representation by counsel. IND.CODE § 35–38–2–3.

■ The law is well-settled that whenever a defendant proceeds without the benefit of counsel, the record must reflect that the right to counsel was voluntarily, knowingly and intelligently waived. *Martin v. State*, 588 N.E.2d 1291, 1293 (Ind.Ct.App.1992). Specifically, the trial court must determine the defendant's competency to represent

2. Specifically, the State presented evidence of Bell's conviction for public intoxication as well as the testimony of Bell's probation officer. Record at 16–17, 23, 34.

himself and establish a record of the waiver. *Id.* The record must show that the defendant was made aware of the "nature, extent and importance" of the right to counsel and to the necessary consequences of waiving such a right. *Kirkham v. State,* 509 N.E.2d 890, 892 (Ind.Ct.App.1987), *trans. denied.*

Here, the record does not establish that the trial court advised Bell of his right to counsel. Further, the record is silent as to whether the court determined that Bell's waiver was voluntary. Accordingly, Bell's right to due process was violated. *See McFarland v. State,* 501 N.E.2d 1047, 1049 (Ind.1986) (waiver cannot be determined from silent record).

In defending this appeal, the State directs us to *Fields v. State,* 676 N.E.2d 27 (Ind.Ct. App.1997), *trans. denied.* In that case, Fields was convicted of criminal recklessness and possession of a handgun without a license in violation of the conditions of his probation, and those convictions were then used to revoke his probation. *Id.* at 31. Like Bell, Fields proceeded without counsel at his probation revocation hearing and later claimed that his right to due process had been violated. *Id.* In reviewing his claim, this court held that Fields' right to due process was not violated because he had been represented by counsel during the trial on the criminal recklessness and handgun possession charges. In addition, we noted that the trial court had the authority to revoke Fields' probation as soon as he had been convicted of additional crimes. *Id.* (citing *Gleason v. State,* 634 N.E.2d 67, 68 (Ind.Ct. App.1994) (criminal conviction is prima facie evidence of violation of probation and will alone support revocation of probation)). Thus, we affirmed the revocation of Fields' probation despite the fact that he was not represented by counsel at the revocation hearing.

Further, and significantly, the defendant in *Fields* was advised of his right to counsel during his probation revocation hearing, and the trial court properly ascertained that he intended to proceed *pro se. Id.* at 29. Thus, Fields voluntarily chose to waive his right to counsel at the revocation hearing. *See Carter v. State,* 512 N.E.2d 158, 162 (Ind.1987)

(corollary to right to counsel is right to proceed *pro se* ). That remains true regardless of whether Fields was represented by counsel at his earlier trial. Here, in contrast, the record does not establish that Bell was either advised of his right to counsel at the initial probation revocation hearing or that he voluntarily waived such right. Accordingly, we must conclude that Bell's right to due process was violated.

We are under no illusion that the outcome of the probation revocation hearings would have been any different had Bell been represented by counsel. However, invalid waivers of counsel are not subject to a harmless error analysis, *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we cannot say that Bell forfeited his right to counsel at the hearings merely because he pled guilty to public intoxication without the benefit of counsel. Thus, the judgment against Bell is reversed, and we remand for a new hearing that complies with the requirements of due process. *See Hagy v. State,* 639 N.E.2d 693, 695 (Ind.Ct.App.1994) (court reversed revocation of defendant's probation where record failed to reveal that he was advised of the dangers of proceeding without counsel).

Reversed and remanded.

BAILEY and RILEY, JJ., concur.