**Jess James BUMBALOUGH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A02–0701–CR–59.**

Court of Appeals of Indiana.

Sept. 25, 2007.

L. Ross Rowland, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Jess James Bumbalough appeals from the revocation of his probation. He raises one issue, which we revise and restate as whether the trial court properly determined that Bumbalough's decision to proceed without counsel at his revocation of probation hearing was voluntary, knowing, and intelligent. We reverse and remand.[1]

---

1. A copy of the presentence investigation report on white paper is located in the appellant's appendix. We remind the parties that Ind. Appellate Rule 9(J) requires that "[d]ocu- ments and information excluded from public access pursuant to Ind. Administrative Rule 9(G)(1) shall be filed in accordance with Trial Rule 5(G)." Ind. Administrative Rule

The relevant facts follow. On March 14, 2006, Bumbalough pleaded guilty to theft as a class D felony. The trial court sentenced him to eighteen months in the Indiana Department of Correction, with six months of electronic home detention and twelve months suspended. The trial court also ordered Bumbalough to pay a fine, court costs, and various fees. On August 23, 2006, the State filed a petition for revocation of the suspended sentence because Bumbalough: (1) had failed to pay the fine, court costs, and fees; (2) had been charged with resisting law enforcement as a class A misdemeanor and public intoxication as a class B misdemeanor; and (3) had tested positive for "cannanoids." Transcript at 8.

At the revocation hearing on November 14, 2006, Bumbalough watched a videotape that informed him of his rights, including his right to counsel:

> You have the ... right to the assistance of a lawyer. If you intend to hire a lawyer, you must do so within ten days after this hearing because there are deadlines for filing motions and raising defenses. If these deadlines are missed, then the legal issues and defenses that could have been raised will be waived or given up. If you want a lawyer and are

unable to afford one, the Court will appoint a lawyer to represent you at no costs, if, after a hearing, you are determined to be financially unable to hire a lawyer.

Transcript at 4.

After the trial court recited the allegations against Bumbalough, the following exchange occurred:

> THE COURT: You have the right to either admit or deny those allegations at his time.
>
> [Bumbalough]: Your honor, before I admit or deny, may I ask ...
>
> THE COURT: No, no, that's all we're doing today. You're either going to admit or deny it right now.
>
> [Bumbalough]: Alright, I admit it.

*Id.* at 8. The trial court then set a date for the sentencing hearing. At the sentencing hearing, the trial court revoked Bumbalough's suspended sentence.

 The sole issue is whether Bumbalough's decision to proceed without counsel at his revocation of probation hearing was voluntary, knowing, and intelligent. A defendant is entitled to certain due process protections prior to the revocation of his probation. *Bell v. State*, 695 N.E.2d 997, 998 (Ind.Ct.App.1998).[2]

---

9(G)(1)(b)(viii) states that "[a]ll pre-sentence reports pursuant to Ind.Code § 35–38–1–13" are "excluded from public access" and "confidential." The inclusion of the presentence investigation report printed on white paper in his appellant's appendix is inconsistent with Trial Rule 5(G), which states, in pertinent part:

Every document filed in a case shall separately identify information excluded from public access pursuant to Admin. R. 9(G)(1) as follows:

(1) Whole documents that are excluded from public access pursuant to Administrative Rule 9(G)(1) shall be tendered on light green paper or have a light green coversheet attached to the document, marked "Not for Public Access" or "Confidential."

(2) When only a portion of a document contains *information excluded from public access* pursuant to Administrative Rule 9(G)(1), said information shall be omitted [or redacted] from the filed document and set forth on a separate accompanying document on light green paper conspicuously marked "Not For Public Access" or "Confidential" and clearly designating [or identifying] the caption and number of the case and the document and location within the document to which the redacted material pertains.

2. The State invites us to reconsider *Bell*. As we find the *Bell* analysis appropriate, we decline the State's invitation.

These protections include "written notice of the claimed violation, disclosure of the evidence against him and the opportunity to be heard and present evidence, the right to confront and cross-examine witnesses and a neutral and detached hearing body." *Id.* (citing *State v. Cass,* 635 N.E.2d 225, 226 (Ind.Ct.App.1994) (citations omitted), *trans. denied).* Additionally, the defendant is entitled to representation by counsel. *Id.* (citing Ind.Code § 35–38–2–3(e)).

■ The law is well settled that whenever a defendant proceeds without the benefit of counsel, the record must reflect that the right to counsel was voluntarily, knowingly, and intelligently waived. *Id.* (citing *Martin v. State,* 588 N.E.2d 1291, 1293 (Ind.Ct.App.1992)). Specifically, the trial court must determine the defendant's competency to represent himself and establish a record of the waiver. *Id.* at 998–999. The record must show that the defendant was made aware of the "nature, extent and importance" of the right to counsel and to the necessary consequences of waiving such a right. *Id.* at 999 (citing *Kirkham v. State,* 509 N.E.2d 890, 892 (Ind.Ct.App.1987), *trans. denied* ).

Here, the record establishes that Bumbalough was advised of his right to counsel by means of a videotape. However, the record is silent as to whether the trial court determined that Bumbalough's waiver was voluntary, knowing, and intelligent. Accordingly, Bumbalough's right to due process was violated. *See id.* (holding that defendant's right to due process was violated where the trial court revoked his probation without advising him of his right to counsel or determining that his waiver of counsel was voluntary); *cf. Greer v. State,* 690 N.E.2d 1214, 1219 (Ind.Ct.App. 1998) (holding that the trial court did not have to advise defendant of the pitfalls of self-representation where the record established that defendant knowingly, intelli-

gently, and voluntarily waived his right to counsel), *trans. denied.*

■ The State urges us to "apply a harmless error analysis and reiterate what [we] already know[ ]—that the outcome of this attempted probation revocation would have been no different if Bumbalough was afforded defense counsel." Appellee's Brief at 9. However, as we noted in *Bell,* the United States Supreme Court has held that invalid waivers of counsel are not subject to a harmless error analysis. 695 N.E.2d at 999 (citing *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988)). Thus, we cannot say that Bumbalough forfeited his right to counsel at the hearings merely because he admitted the allegations without the benefit of counsel. *See id.*

For the foregoing reasons, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

RILEY, J. and FRIEDLANDER, J. concur.