**Zeus B. EATON, Appellant/Respondent,**

v.

**STATE of Indiana, Appellee/Petitioner.**

No. 47A01–0803–CR–134.

Court of Appeals of Indiana.

Sept. 26, 2008.

Transfer Denied Dec. 18, 2008.

Patricia Caress McMath, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant/Respondent Zeus Eaton challenges the trial court's partial revocation of his probation by alleging that he did not knowingly, intelligently, and voluntarily waive his right to counsel in the probation revocation proceeding.[1] We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On June 25, 1996, a jury found Eaton guilty of attempted voluntary manslaughter, a Class A felony, and the trial court later sentenced him to thirty-five years of incarceration, with thirteen years suspended to probation. On July 26, 2007, the State filed a petition to revoke Eaton's probation ("the Petition"), on the basis that his urine had tested positive for presence of cocaine and that he had violated the law of the State of Indiana by committing domestic battery and battery, both Class A misdemeanors.

At the initial hearing on the Petition, the trial court advised Eaton, *inter alia*, that he had "the right to an attorney either by hiring one or having one appointed[,]" and Eaton indicated that he understood his rights. Tr. p. 26. When the trial court asked Eaton if he wanted to hire an attorney or have one appointed, he responded, "Currently I'm indigent so if I did have an attorney it would have to be an appointed one." Tr. p. 27. Without pursuing the question of counsel further, the trial court asked Eaton if he intended to admit or deny the allegations in the Petition. Eaton indicated that he intended to admit the allegations in the Petition in part, and soon thereafter admitted that he had violated the terms of his probation by testing positive for cocaine and by being convicted of battery. On January 30, 2008, the trial court revoked Eaton's probation and ordered that he serve ten years of the thirteen years of his sentence that had been suspended.

---

1. Because we conclude that Eaton's first argument entitles him to a reversal, we need not address his argument that the trial court's statement of its reasons for revoking his probation was inadequate.

## DISCUSSION AND DECISION

### Waiver of Counsel

Eaton contends that the trial court denied him due process by failing to ensure that he knowingly, intelligently, and voluntarily waived his right to counsel and by failing to appoint counsel when he requested one. The State argues that, pursuant to this court's holding in *Greer v. State,* 690 N.E.2d 1214, 1217 (Ind.Ct.App.1998), *trans. denied,* the trial court was not required to specifically advise Eaton regarding the pitfalls of self-representation because he admitted that he had violated the terms of his probation. While we acknowledge *Greer,* we conclude that it is distinguishable under the circumstances and reach a different result.

### A. Probation Revocation in General

When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Piper v. State,* 770 N.E.2d 880, 882 (Ind.Ct.App.2002), *trans. denied.* Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Parker v. State,* 676 N.E.2d 1083, 1085 (Ind.Ct.App.1997). However, once the State grants that favor, it cannot simply revoke the privilege at its discretion. *Id.* Probation revocation implicates a defendant's liberty interest, which entitles him to some procedural due process. *Id.* (citing *Morrissey v. Brewer,* 408 U.S. 471, 482, 92 S.Ct. 2593, 2600–2601, 33 L.Ed.2d 484 (1972)). Because probation revocation does not deprive a defendant of his absolute liberty, but only his conditional liberty, he is not entitled to the full due process rights afforded a defendant in a criminal proceeding. *Id.*

The minimum requirements of due process include: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. *Id.* (*citing Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604).

*Cox v. State,* 850 N.E.2d 485, 488 (Ind.Ct. App.2006). Additionally, Indiana Code section 35–38–2–3(e) (2006) provides that a respondent in a probation revocation proceeding has the right to representation by counsel.

"Probation revocation is a two-step process. First, the court must make a factual determination that a violation of a condition of probation actually occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." *Parker v. State,* 676 N.E.2d 1083, 1085 (Ind.Ct.App. 1997) (citation omitted). When a probationer admits to the violations, however, the procedural safeguards mentioned in *Morrissey* are not necessary. *Id.* "Instead, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation." *Id.*

### B. Waiver of Right to Counsel

As previously mentioned, the respondent in a probation revocation proceeding has a statutory right to counsel. While this right, of course, can be waived, any such waiver must be voluntary:

[T]he waiver of the right to the assistance of counsel must be shown to have been voluntarily made. *Johnson v.*

*Zerbst,* (1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. It is the duty of the trial court to establish a record which shows that an accused who has elected to waive counsel and proceed pro se has done so voluntarily, knowingly, and intelligently. *Shelton v. State,* (1979) Ind.App., 181 Ind.App. 50, 390 N.E.2d 1048; *Faretta v. California,* (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. A serious and weighty responsibility is imposed upon the trial judge to determine whether there was an intelligent and competent waiver. The constitutional right of an accused to be represented by counsel invokes of itself the protection of the trial court. *Grubbs v. State,* (1970) 255 Ind. 411, 265 N.E.2d 40. To discharge the duty imposed, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. *Von Moltke v. Gillies,* (1948) 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309. A defendant must be made aware of the consequences of the choice he is making so that he makes his choice with his eyes wide open. Merely making the defendant aware of his constitutional right to counsel is insufficient. *Wallace v. State,* (1977) Ind.App., 172 Ind.App. 535, 361 N.E.2d 159. A strong presumption exists against waiver of the constitutional rights to counsel.

*Mitchell v. State,* 417 N.E.2d 364, 369 (Ind. Ct.App.1981).

█ Here, we conclude that Eaton did not knowingly, voluntarily, and intelligently waive his right to counsel for two reasons. First, the record does not reflect an unequivocal decision to forgo counsel on Eaton's part, quite apart from the question of whether such a decision might have been knowing, voluntary, and intelligent. At Eaton's initial hearing, the trial court asked, "Are you wanting to hire an attor-

ney or have one appointed?" Tr. p. 27. Eaton replied, "Currently I'm indigent so if I did have an attorney it would have to be an appointed one." Tr. p. 27. Without pursuing the matter any further, the trial court immediately asked Eaton if he wished to admit or deny the allegations in the Petition, and the issue of counsel was not broached again at the hearing. Quite simply, Eaton's statement falls short of expressing an unequivocal desire to proceed without counsel. Indeed, it seems to be more a request for counsel than a refusal, even if an equivocal one. Under the circumstances, given the overriding importance of the right to counsel, we believe that the trial court should have investigated the question further. Much as we will not infer a waiver of counsel from a silent record, *see Dowell v. State,* 557 N.E.2d 1063, 1066 (Ind.Ct.App.1990), *trans. denied,* we will not infer a waiver of counsel from an unclear record.

█ Second, even if Eaton had made an unequivocal request to proceed *pro se,* he would not have done so knowingly, intelligently, and voluntarily under the circumstances of this case. While we do not dispute the general principle that certain procedural safeguards are not necessary when a respondent admits a probation violation at his initial hearing on the matter, we nonetheless conclude that a probationer is entitled to an adequate advisement regarding the right to be represented by counsel. The Indiana Supreme Court has noted that the right to the assistance of counsel is

no ordinary right but rather . . . a constitutional right of fundamental importance[.] Constitutional rights have occupied a sacred position in our legal system and rightfully so. The concepts, principles and rights embodied in both the United States and Indiana Constitutions command the most sensitive pro-

tection the courts can provide. In fact, protection of all constitutional rights is our most solemn duty. *Fitzgerald v. State,* 254 Ind. 39, 46–47, 257 N.E.2d 305, 311 (1970).

In our view, the key distinction between the right to counsel and most of the rights listed in *Morrissey* is that the right to counsel, which in this context is statutory, will often be the vehicle by which all the other rights are protected. In other words, a layperson is likely unaware of the existence of his other rights without advice of counsel. As the Indiana Supreme Court has stated, "The purpose of the Sixth Amendment guarantee of representation is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights and to assure him the guiding hand of counsel at every step in the proceeding." *Koehler v. State,* 499 N.E.2d 196, 199 (Ind.1986).

Here, Eaton admitted some of the allegations in the Petition without ever having been advised of the consequences of proceeding *pro se* and without the trial court determining if he was competent to represent himself. We conclude that this was inadequate in this context, and therefore elect to approach the question as we did in *Bumbalough v. State,* 873 N.E.2d 1099 (Ind.Ct.App.2007). In *Bumbalough,* we concluded that, in a probation revocation context, "the trial court must determine the defendant's competency to represent himself and establish a record of the waiver [and that t]he record must show that the defendant was made aware of the 'nature, extent and importance' of the right to counsel and to the necessary consequences of waiving such a right." *Id.* at 1102 (citation omitted).

 While we decline to establish definite guidelines for such advisements in this context, they should be adequate to ensure that a probationer "knows what he is doing and [that] his choice is made with eyes open." *Kubsch v. State,* 866 N.E.2d 726, 736 (quoting *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); internal quotation marks omitted). "There are no magic words a judge must utter to ensure a defendant adequately appreciates the nature of the situation. Rather, determining if a defendant's waiver was 'knowing and intelligent' depends on the 'particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused.'" *Id.* (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).

We conclude that the record does not establish that Eaton waived his statutory right to counsel. We further conclude that, even if he had waived his right to counsel, he was not adequately advised before doing so.

The judgment of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.

RILEY, J., and BAILEY, J., concur.