**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**WILLIAM S. FRANKEL, IV**
Wilkinson, Goeller, Modesitt,
Wilkinson, & Drummy, LLP
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indina

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 09 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN W. STOCKWELL, | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1108-CR-392 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-0506-FC-1691

**April 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

The probation department alleged Steven Stockwell violated the terms of his probation. Stockwell proceeded pro se at the probation violation hearing and admitted to each violation. The trial court revoked Stockwell's probation and ordered him to serve the previously suspended portion of his sentence. Stockwell raises one issue for our review: whether he knowingly, intelligently, and voluntarily waived his right to counsel at the probation violation hearing. Concluding the record establishes Stockwell knowingly, intelligently, and voluntarily waived his right to an attorney, we affirm.

Facts and Procedural History

In 2005 Stockwell pleaded guilty to battery by means of a deadly weapon, a Class C felony. The trial court sentenced Stockwell to eight years in the Department of Correction, four of which were suspended to probation. In 2009, the probation department filed a notice that Stockwell violated the terms of his probation. On June 27, 2011, Stockwell appeared in person, pro se, for a hearing on his alleged probation violation. At the commencement of his hearing, Stockwell received a copy of the probation department's amended notice of probation violation alleging the following violations of the terms of his probation: he was arrested and convicted of battery, a Class A misdemeanor; he failed two drug screens by testing positive for amphetamines; he admitted to his probation officer he was using methamphetamine on a regular basis; he was ordered to enroll in drug and alcohol counseling and refused to do so, stating he would rather serve time in jail; and he was arrested and charged with eight counts, including dealing in methamphetamine. The trial court stated each allegation to

Stockwell and asked, "[s]o you understand what the allegations are here?"  Tr. at 7.

Stockwell replied, "[y]es sir."  Id.

Subsequently, the following discussion took place:

COURT:  If you're found to have violated the terms of your probation, the maximum penalty the Court can impose is the four (4) years that was suspended, that's the maximum; the minimum is zero (0) additional days in jail.  Do you understand what the potential penalties are?
DEFENDANT STOCKWELL:  Yes.
COURT:  You have a right to have a lawyer represent you in this proceeding; like to have one, can't afford one, one will be appointed for you.  Mr. Stockwell, do you wish to have a lawyer represent you?
DEFENDANT STOCKWELL:  No, I'd just like to get this over with today.
COURT:  Okay.  You understand that you have a right to have an attorney represent you in this proceeding.
DEFENDANT STOCKWELL:  There's nothing to represent; it's just a probation violation.
* * *
DEFENDANT STOCKWELL:  - I understand that your Honor.
COURT:  . . .  You have a right to have a lawyer represent you.  Do you understand that?
DEFENDANT STOCKWELL:  Yes sir.
COURT:  And you understand that if you would like to have a lawyer represent you and cannot afford one, one will be appointed for you at no expense; do you understand that?
DEFENDANT STOCKWELL:  Yes sir.
COURT:  And you are telling me that you do not wish to have the services of an attorney; is that correct?
DEFENDANT STOCKWELL:  Yes sir.
COURT:  Okay.  And you understand that if you don't have an attorney, we're gonna go through a proceeding; I'm gonna ask whether you admit or deny.  If you deny we're gonna set it for a hearing.  If you admit, then it's gonna be up to the Court as to what sentence to impose; you understand that?
DEFENDANT STOCKWELL:  Yeah.
COURT:  And you understand . . . I've got discretion to sentence you up to four (4) years in prison.
DEFENDANT STOCKWELL:  Yes.
COURT:  And you understand that.
DEFENDANT STOCKWELL:  Yes.
COURT:  And you wish to proceed on your own today without an attorney; is that correct?

DEFENDANT STOCKWELL: It's gonna take longer to get this done, isn't it, if I get a lawyer?

* * *

DEFENDANT STOCKWELL: I just want this done and over with today so I don't have to come back your Honor.

COURT: Okay. So you want to proceed without an attorney?

DEFENDANT STOCKWELL: Yes.

Id. at 7-11. Stockwell then proceeded to admit to each probation violation allegation. The trial court ordered Stockwell to serve the previously suspended four years of his sentence. Stockwell now appeals.

## Discussion and Decision

### I. Standard of Review

Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. However, once the State grants that favor, it cannot simply revoke the privilege at its discretion. Probation revocation implicates a defendant's liberty interest, which entitles him to some procedural due process. Because probation revocation does not deprive a defendant of his absolute liberty, but only his conditional liberty, he is not entitled to the full due process rights afforded a defendant in a criminal proceeding.

Eaton v. State, 894 N.E.2d 213, 216 (Ind. Ct. App. 2008) (citations omitted), trans. denied.

A person whose probation is being revoked is entitled to representation by an attorney. Ind. Code § 35-38-2-3(e). As with other stages of criminal proceedings, if one elects to proceed pro se and waive his or her right to representation during a probation revocation proceeding, such election must be knowing, intelligent, and voluntary. Eaton, 894 N.E.2d at 217. We review de novo whether a defendant knowingly, intelligently, and voluntarily waived his right to counsel. Cooper v. State, 900 N.E.2d 64, 67 (Ind. Ct. App. 2009).

4

"There is no particular formula or script that must be read to the defendant. The information that must be given 'will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.'" Hopper v. State, 957 N.E.2d 613, 618 (Ind. 2011) (quoting Iowa v. Tovar, 541 U.S. 77, 88 (2004)). Other factors to consider are "(1) the extent of the court's inquiry into the defendant's decision, (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation, (3) the background and experience of the defendant, and (4) the context of the defendant's decision to proceed pro se." Id. However, both the United States Supreme Court and our supreme court "have deliberately eschewed any attempt to formulate a rigid list of required warnings, talismanic language, or formulaic checklist." Id. at 619. Important to our appellate review is consideration of "what purposes a lawyer can serve at the particular stage of the proceedings in question, and what assistance he could provide to an accused at that stage." Id. (quoting Patterson v. Illinois, 487 U.S. 285, 298 (1988)).

## II. Stockwell's Waiver of Right to Counsel

Stockwell argues his waiver of the right to counsel was not voluntary, knowing, and intelligent, and he claims "[t]he record is silent as to whether [his] waiver of counsel" was such. Amended Brief of Appellant at 7. Initially, he contends a trial court is required to make a finding that waiver is voluntary, knowing, and intelligent, and that the trial court did not do so. While he is correct that the trial court did not do so, we disagree that it was required to. What is required is that the record sufficiently shows that waiver was voluntary, knowing, and intelligent when considering the factors discussed above,

5

such as the stage of the proceeding, the depth of the court's inquiry, and other surrounding circumstances. Neither <u>Hopper</u> nor Indiana Code section 35-38-2-3(e) require a specific finding from the trial court.

While our supreme court has expressed the need for a fact-sensitive evaluation of a defendant's waiver, prior cases can serve as guideposts in our evaluation. Stockwell argues extensively by making comparisons to <u>Bumbalough v. State</u>, 873 N.E.2d 1099 (Ind. Ct. App. 2007). In <u>Bumbalough</u>, the defendant appealed the revocation of his probation, arguing his decision to waive his right to counsel at the revocation proceeding was not voluntary, knowing, and intelligent. At the beginning of Bumbalough's revocation hearing, he watched a videotape informing him of his rights, including:

> You have the . . . right to the assistance of a lawyer. If you intend to hire a lawyer, you must do so within ten days after this hearing because there are deadlines for filing motions and raising defenses. If these deadlines are missed, then the legal issues and defenses that could have been raised will be waived or given up. If you want a lawyer and are unable to afford one, the Court will appoint a lawyer to represent you at no costs, if, after a hearing, you are determined to be financially unable to hire a lawyer.

<u>Id.</u> at 1101 (quoting probation revocation hearing transcript at 4). After the video, the following exchange took place:

> THE COURT: You have the right to either admit or deny those allegations at this time.
> [Bumbalough]: Your honor, before I admit or deny, may I ask . . .
> THE COURT: No, no, that's all we're doing today. You're either going to admit or deny it right now.
> [Bumbalough]: Alright, I admit it.

<u>Id.</u> (quoting probation revocation hearing transcript at 8). This court concluded the record did not establish that Bumbalough's waiver was voluntary, knowing, and intelligent. <u>Id.</u> at 1102.

6

In Eaton, during a probation revocation hearing the trial court advised Eaton that he had "the right to an attorney either by hiring one or by having one appointed." 894 N.E.2d at 215. Eaton indicated he understood his right to an attorney. The trial court then asked if Eaton wanted an attorney and Eaton responded, "[c]urrently I'm indigent so if I did have an attorney it would have to be an appointed one." Id. Without any form of follow-up question or statement, the trial court then asked Eaton if he intended to admit or deny the allegations that he violated his probation, and Eaton said he intended to admit the allegations, at least in part, and he thereafter admitted to violating terms of his probation. Id. This court concluded Eaton did not sufficiently waive his right to an attorney, but that, even if he had, it would not have been voluntary, knowing, and intelligent. Id. at 217.

In both Bumbalough and Eaton, the defendant said very little during his exchange with the trial court, and what he did say did not establish that he voluntarily, knowingly, and intelligently waived his right to counsel. In Bumbalough, the only statement of the defendant other than admitting he violated his probation was an attempt to ask the trial court a question, which the trial court declined to allow. Similarly, in Eaton, although the defendant indicated an understanding of his right to counsel, when the trial court asked whether he would like an attorney his response merely indicated that he could not afford to pay an attorney. In both cases the trial court went no further than expressing the defendant's right to an attorney and, in Eaton, establishing that the defendant understood that right.

As shown above, however, here the trial court engaged in a discussion with Stockwell concerning whether or not he desired to be represented by counsel at the

probation revocation hearing, and Stockwell repeatedly stated he did not. The record shows Stockwell understood the potential prison sentence he faced, his right to be represented by an attorney, his right to have an attorney appointed for his representation if he could not afford one, the procedure that would take place in the hearing, and the trial court's discretion to sentence him up to four years in prison. Despite the potential prison sentence Stockwell knew what was at stake, he repeatedly stated he did not want an attorney and that he would "just like to get this over with today" so that he would not have "to come back." Tr. at 8, 10. The record quite clearly establishes Stockwell knew what his rights were and what could happen if he admitted to violating probation, and that he wanted to proceed without an attorney.

Evaluating the specific factors our supreme court has outlined, the trial court's inquiry into whether Stockwell wished to waive his right to an attorney was extensive; Stockwell had previously pleaded guilty to a felony and thus was not a stranger to the criminal justice system; and Stockwell's desire to proceed pro se was unequivocally stated numerous times. Further, as the State points out, a probation revocation proceeding is more straightforward than other proceedings, such as an agreement to enter a guilty plea or an initial trial, and proceeding pro se is thus less complex. We therefore conclude his waiver of counsel was voluntary, knowing, and intelligent and affirm the trial court's order revoking his probation.

## Conclusion

The record sufficiently establishes Stockwell voluntarily, knowingly, and intelligently waived his right to an attorney, and we therefore affirm the trial court's order

revoking his probation.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.