## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 15 2017, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard K. Dean,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 15, 2017

Court of Appeals Case No.
73A01-1612-CR-2722

Appeal from the Shelby Superior
Court

The Honorable David N. Riggins,
Judge

Trial Court Cause No.
73D02-1508-F6-242

**Robb, Judge.**

# Case Summary and Issue

[1] The trial court revoked Richard Dean's probation and ordered him to serve the entirety of his previously suspended sentence at the Indiana Department of Correction ("DOC") after he admitted to violating conditions of his probation. Dean now raises one issue on appeal: whether his waiver of counsel was knowing, intelligent, and voluntary. Concluding Dean did not make a knowing, intelligent, and voluntary waiver of counsel, we reverse and remand for a new probation revocation hearing.

# Facts and Procedural History

[2] On August 5, 2015, the State of Indiana charged Dean with cheating on a gambling game, a Level 6 felony. Eventually, the State and Dean reached a plea agreement and the trial court entered judgment of conviction as a Class A misdemeanor. The trial court sentenced Dean to 365 days in the DOC with 363 of those days suspended to probation. Dean's probation conditions provided that Shelby County and Delaware County would share supervision and revocation authority over Dean.

[3] On August 16, 2016, the Shelby County Probation Office filed a revocation petition alleging Dean failed to report to scheduled probation appointments in both Shelby County and Delaware County and that his whereabouts were unknown. The probation department later amended its revocation petition and alleged Dean committed a new crime in Madison County.

[4]     On November 30, 2016, the trial court held a hearing on the revocation petition. Dean was not represented by counsel. At the revocation hearing, the following exchange occurred:

> The Court: The State of Indiana wants me to revoke your probation saying you failed to report to probation as ordered, saying you failed to respond to letters, and you failed to report . . . in Delaware County, failed to report to Shelby County, and you didn't respond to letters. . . . [T]hey also said you committed a new offense, possession of methamphetamine and possession of a controlled substance in Madison County. Now, before I can revoke your probation, you're entitled to a hearing in the matter. At that hearing you have the right to be represented by an attorney. If you cannot afford an attorney, I can appoint one for you. All you have to do is ask. At that hearing the State has to prove by a preponderance of the evidence that you violated probation. They have to—you have the right to confront and cross-examine witnesses against you and to subpoena witnesses to testify on your behalf. You have the right to appeal any decision I make and be represented by an attorney on the appeal. Do you understand all your rights?
>
> [Dean]:    Yes, sir.
>
> * * *
>
> The Court: All right. I'm gonna ask you, except for the new charges, I'll show a denial on that. But I'm gonna ask you if you admit or deny the other allegations. If you admit I'm presuming you're waiving all of those rights, including the right to be represented by an attorney, and I'll proceed to sentencing. If you deny I'll set this matter for a fact finding hearing and give you a chance to hire or request an attorney. Do you understand your choices?

> [Dean]: Yes.
>
> The Court: Do you admit or deny you failed to report to probation as ordered?
>
> [Dean]: I failed to report, sir.

Transcript at 4-5. The trial court accepted Dean's admission and set the matter for a dispositional hearing the following day.

[5] At the dispositional hearing, the trial court ordered Dean to serve in the DOC the entire 363 days previously suspended for his offense. When Dean heard the trial court's sentence, he immediately responded, "I'd ask for a lawyer for an appeal, sir." Tr. at 15.

# Discussion and Decision

[6] Dean argues he did not knowingly, intelligently, and voluntarily waive his right to counsel at the probation revocation hearing because the trial court did not advise him of the potential consequences of admitting a violation of probation. Therefore, Dean alleges the revocation of his probation must be set aside.

[7] First, we note the State asserts on cross-appeal that Dean's challenge to the validity of the revocation of probation following an admission of a violation must be brought by a petition for post-conviction relief rather than on direct appeal. *See Tumulty v. State*, 666 N.E.2d 394, 396 (Ind. 1996) (holding that a petition for post-conviction relief, and not a direct appeal, is the proper vehicle for challenging a conviction that is the result of a guilty plea). Moreover, in

*Huffman v. State*, 822 N.E.2d 656, 659-60 (Ind. Ct. App. 2005), a panel of this court applied the holding in *Tumulty* to probation revocations.

[8] Notwithstanding our supreme court's decision in *Tumulty* that guilty pleas must be challenged through a petition for post-conviction relief and our decision in *Huffman* extending that rule to cases in which the defendant admits to a probation violation, the issue remains unsettled and more recent cases have addressed on direct appeal the issue of whether a defendant knowingly, intelligently, and voluntarily waived the right to counsel in a probation revocation hearing. *See Butler v. State*, 951 N.E.2d 255, 259-62 (Ind. Ct. App. 2011); *Cooper v. State*, 900 N.E.2d 64, 66-71 (Ind. Ct. App. 2009); *Eaton v. State*, 894 N.E.2d 213, 216-18 (Ind. Ct. App. 2008), *trans. denied*; *see also Sparks v. State*, 983 N.E.2d 221, 224 n.1 (Ind. Ct. App. 2013). Therefore, we choose to address the merits of Dean's argument.

[9] The sole issue raised by Dean is whether his decision to proceed without counsel at his probation revocation hearing was knowing, intelligent, and voluntary. We review de novo a trial court's finding that a defendant waived his right to counsel. *Cooper*, 900 N.E.2d at 67.

[10] The right to representation by counsel is statutorily guaranteed to those who face revocation of their probation. Ind. Code § 35-38-2-3(f). And when a defendant proceeds without counsel, the record must reflect the defendant knowingly, intelligently, and voluntarily waived his right to counsel. *Eaton*, 894 N.E.2d at 216-17. "The record must show that the defendant was made aware

of the nature, extent and importance of the right to counsel and to the necessary consequences of waiving such a right." *Bumbalough v. State*, 873 N.E.2d 1099, 1102 (Ind. Ct. App. 2007) (internal quotation marks and citation omitted).

[11] However, a trial court is not required to recite any specific words or phrases to ensure a defendant appreciates the nature of the situation, *Butler*, 951 N.E.2d at 259, and both our supreme court and the United States Supreme Court "have deliberately eschewed any attempt to formulate a rigid list of required warnings, talismanic language, or formulaic checklist," *Hopper v. State*, 957 N.E.2d 613, 619 (Ind. 2011) (citing *Iowa v. Tovar*, 541 U.S. 77, 88 (2004)). "Rather, determining if a defendant's waiver was knowing and intelligent depends on the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused." *Butler*, 951 N.E.2d at 259 (citation omitted). As a reviewing court, we must "conduct a thoughtful examination of the record as a whole to determine whether a particular defendant, in a particular stage of a particular case, voluntarily and intelligently waived his right to counsel." *Hopper*, 957 N.E.2d at 619.

[12] Here, an examination of the record establishes Dean was properly advised of his right to counsel and the panoply of other rights afforded to a person facing revocation of probation. However, the record does not demonstrate the trial court advised Dean of the potential consequences if he opted to admit the State's allegations without the benefit of counsel. Dean's act of immediately requesting an attorney for an appeal once the trial court imposed its sanction demonstrates Dean did not appreciate or understand the nature of the

proceedings.[1]  Further, other than this case and an alleged new crime committed in Madison County, the record does not demonstrate Dean had any prior experience with the criminal justice system such that he would have known of this serious potential consequence.  Therefore, under the particular facts and circumstances of this case, we cannot say Dean's waiver of counsel was knowing, intelligent, and voluntary.[2]

# Conclusion

[13]   We conclude Dean's waiver of counsel was not knowing, intelligent, and voluntary.  Accordingly, we reverse and remand for a new probation revocation hearing.

[14]   Reversed and remanded.

Vaidik, C.J., and Bailey, J., concur.

---

[1] The State argues the trial court's statement that it would "proceed to sentencing" upon an admission of a violation of probation adequately informed Dean of the potential consequences.  Tr. at 5.  However, a trial court has multiple sentencing options available when it finds a defendant has violated probation, and some options are more severe than others.  *See* Ind. Code § 35-38-2-3(h).  Thus, the trial court's statement is insufficient to adequately inform Dean of the serious potential consequence that he could be ordered to serve the entirety of his previously suspended sentence.

[2] The State urges us to apply a harmless error analysis.  *See Hammerlund v. State*, 967 N.E.2d 525, 529 (Ind. Ct. App. 2012).  However, as this court has previously noted, "the United States Supreme Court has held that invalid waivers of counsel are not subject to a harmless error analysis."  *Bumbalough*, 695 N.E.2d at 999 (citing *Penson v. Ohio*, 488 U.S. 75 (1988)).