# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 01 2020, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dale M. Thomas,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 1, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2217<br><br>Appeal from the Franklin Circuit Court<br><br>The Honorable Clay M. Kellerman, Judge<br><br>Trial Court Cause No.<br>24C02-1701-F6-81 |

**Darden, Senior Judge.**

# Statement of the Case

[1] Dale M. Thomas appeals the trial court's judgment revoking his probation. We affirm.

# Issue

[2] Thomas raises one issue, which we restate as: whether the trial court erred in determining that Thomas had knowingly, intelligently, and voluntarily waived his right to counsel during probation revocation proceedings.

# Facts and Procedural History

[3] On January 25, 2017, the State charged Thomas with possession of methamphetamine, a Level 6 felony, and possession of marijuana, a Class B misdemeanor. On January 31, 2017, the State amended the charging information to add a charge of maintaining a common nuisance, a Level 6 felony.

[4] Also, on January 31, 2017, the trial court held an initial hearing on the charge of maintaining a common nuisance, during which the trial court advised Thomas of his constitutional rights. Thomas also signed an advisement of his rights. The document advised Thomas that he had "a right to have a lawyer and to consult him during all critical states of a criminal proceeding including the initial hearing." Appellant's App. Vol. 2, p. 21.

[5] Thomas, by counsel, and the State subsequently negotiated a plea agreement. Thomas agreed to plead guilty to the charges of possession of

methamphetamine and possession of marijuana, and the State agreed to dismiss the charge of maintaining a common nuisance. The State further agreed to recommend the following sentence to the trial court: (1) for the charge of possession of methamphetamine, twenty-four months in the county jail, with fifteen months suspended to probation; and (2) for the charge of possession of marijuana, six months in the county jail, with three months suspended to probation, to be served concurrently with the sentence for possession of methamphetamine.

[6] On August 21, 2018, Thomas signed an advisement of rights in connection with the plea agreement. Among other topics, the document advised Thomas that he agreed that his "guilty plea has been made knowingly and voluntarily and no promises, threats or force have been used to make you plead guilty." *Id.* at 61. The document further advised:

> You have the right to be represented by an attorney. If you cannot afford an attorney, the Court will appoint an attorney for you. You have the right to a continuance in which to hire an attorney and to have you [sic] attorney prepare you [sic] case and subpoena witnesses. If you choose to proceed without an attorney, you will be giving up these rights.

*Id.* By signing the advisement of rights, Thomas certified "that [he has] read the above statements, [understood] each paragraph, and [wished] to waive and hereby do waive each and every right enumerated." *Id.*

[7] On August 21, 2018, the trial court held a hearing on the plea agreement. The trial court accepted Thomas' guilty plea. On September 6, 2018, the trial court

issued an amended order sentencing Thomas pursuant to the parties' plea agreement. The State dismissed the charge of maintaining a common nuisance.

[8] Thomas served the executed portion of his sentence and was released to probation on January 28, 2019. That same day, he met with a probation officer to review and sign an order detailing the terms and conditions of his probation. On January 29, 2019, the trial court issued the order.

[9] Among other terms and conditions of probation, Thomas agreed to "[r]eport to the Probation Department as directed by [the] Probation Officer, keep all appointments and answer all reasonable inquiries." *Id.* at 72. Thomas also agreed to notify the probation officer of all changes of address, and that he could not move out of Franklin County without "written permission of [the] Probation Officer." *Id.*

[10] On March 8, 2019, the Franklin County Probation Office filed with the trial court a Verified Petition of Probation Violation (the Petition). A probation officer alleged that Thomas had: (1) missed two scheduled appointments with his probation officer; and (2) had moved out of his residence and left the state, moving to Florida. The officer further stated Thomas had failed to submit proof that he was seeking treatment for substance abuse.

[11] On March 14, 2019, the trial court issued an order determining that the State's Petition contained facts sufficient to establish probable cause for an arrest warrant and, accordingly, ordered the trial court clerk to issue a warrant for

Thomas' arrest. Thomas was subsequently arrested under circumstances not set forth in the record.

[12] On August 15, 2019, Thomas appeared before the trial court for an initial hearing on the Petition. Judge Kellerman had also presided over Thomas' guilty plea and sentencing hearing. At the beginning of the initial hearing, the trial court advised Thomas as follows:

> Mr. Thomas, you have the right to take this matter to a hearing at which time the burden will be on the State to prove that you violated the terms and conditions of probation. You do have the right to face all witnesses against you and to see them, question them, cross-examine those Witnesses. You also have the right to call Witnesses to testify on your own behalf. The Court can assist you in that right by issuing subpoenas. You do have the right to remain silent[.] Anything that you do say, can and will, be used against you. You also have the right to be heard in your own defense and to be represented by an attorney. If you cannot afford an attorney and meet certain criteria, the Court can appoint one for you.

Tr. Vol. 2, p. 4.

[13] Thomas stated that he understood his rights as stated by the trial court, and that he was not under the influence of alcohol or drugs. The trial court also asked Thomas for his age, and Thomas stated he was twenty-seven. Next, the trial court reviewed the Petition with Thomas, and Thomas agreed that he understood the State's allegations.

Thomas denied the allegations set forth in the Petition. When the trial court asked Thomas what he planned to do about an attorney, Thomas responded:

> I would like to represent myself pro se and also, I would like to, I would like to file a motion for a Habeous [sic] Corpus Fast and Speedy Trial and I also would like to file a Motion for Releasal [sic] because of the 72-hour law. This is the first time I've been to Court. I've been arrested on this warrant since, since the 6th of this month, of August 6th I've been arrested and it is now August 15th and this is the first time I've been in Court. And I know that I have 72-hours to be arraigned. It's the law. I looked it up in the law library.

*Id.* at 6-7.

After Thomas's statement, the following discussion occurred:

> THE COURT: Okay. Before we proceed, I do want you to understand that you are facing, this is a petition to show that it, it's alleging that you violated felony probation. Do you understand that?
>
> MR. THOMAS: Yes, sir.
>
> THE COURT: And do you understand that you are going to be held to the same standards as the State of Indiana meaning that Ms. Brier is the person handling this case for the State. She understands the Rules of Procedures. She understands the Rules of Evidence. She knows how to try and prepare a case; do you understand that?
>
> MR. THOMAS: Yes, sir.

> THE COURT: All of that applies to you whether you have an attorney or not.
>
> MR. THOMAS: Yes, sir.
>
> THE COURT: Knowing that, do you still want to proceed without counsel?
>
> MR. THOMAS: Yes, sir.

*Id.* at 7.

[16] Next, the trial court denied Thomas' motion for speedy trial and instructed him to file a written habeas corpus petition. The trial court then decided to set bond and asked the prosecutor to describe Thomas' conviction record. The prosecutor discussed Thomas's two prior criminal cases. The trial court set a bond amount, scheduled the dispositional hearing, and ordered Thomas to appear for the hearing. Later, the trial court issued an order describing the initial hearing. The trial court stated, "the Court advises the Defendant of the perils of proceeding without counsel." Appellant's App. Vol. 2, p. 84.

[17] On August 29, 2019, the trial court held a dispositional hearing. At the State's request, the trial court took judicial notice of the plea agreement and sentencing order, the order containing the terms and conditions of probation, and the record of the August 15, 2019 initial hearing on the State's Petition. Thomas represented himself. At the conclusion of the hearing, the trial court determined Thomas had violated the terms and conditions of his probation.

The trial court imposed an aggregate sentence of fifteen months, to be served in the county jail. This appeal followed.

## Discussion and Decision

[18] Thomas argues that the trial court erred in allowing him to waive his right to counsel and represent himself during probation revocation proceedings, because he contends his waiver was not knowing, intelligent, and voluntary.

[19] Probation is a favor granted by the State, not a right to which a defendant is entitled. *Butler v. State*, 951 N.E.2d 255, 259 (Ind. Ct. App. 2011). "A probation revocation proceeding is in the nature of a civil action, as there is no formal finding of guilt or innocence, and the alleged violation need be proven only by a preponderance of the evidence." *State v. Cass*, 635 N.E.2d 225, 226 (Ind. Ct. App. 1994), *trans. denied*. As a result, a defendant at a probation revocation hearing does not have all of the rights he or she possessed prior to conviction. *Isaac v. State*, 605 N.E.2d 144, 148 (Ind. 1992).

[20] "There are certain due process rights, of course, that inure to a probationer at a revocation hearing." *Id.* These rights include representation by counsel. *Id.*; *see also* Ind. Code § 35-38-2-3(f) (2015) (probationers are entitled to representation by counsel). When a defendant proceeds without counsel, the record must reflect that the defendant knowingly, intelligently, and voluntarily waived the right to counsel. *Butler*, 951 N.E.2d at 259. "[D]etermining if a defendant's waiver was 'knowing and intelligent' depends on the 'particular facts and circumstances surrounding [the] case, including the background, experience,

and conduct of the accused.'" *Kubsch v. State*, 866 N.E.2d 726, 736 (Ind. 2007) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461 (1938)). We review de novo a trial court's finding that a defendant waived the right to counsel. *Butler*, 951 N.E.2d at 260.

[21] Thomas concedes that the trial court "properly advised [him] of his due process rights and of the potential consequences if his probation was revoked . . . ." Appellant's Br. p. 7. He argues that the trial court failed to ascertain that he was competent to represent himself and failed to ensure that he was aware of the pitfalls of waiving the assistance of counsel.

[22] Under the particular facts and circumstances of this case, we conclude the trial court had ample evidence from which it could conclude that Thomas was competent to represent himself. The same trial judge had also presided over Thomas's guilty plea proceedings. During those proceedings, Thomas had signed a waiver of rights document, which described in detail Thomas's rights, which he indicated he understood. In addition, at the beginning of the August 15, 2019 initial hearing, the trial court advised him of other due process rights, which Thomas also indicated he understood. The trial court learned that Thomas was twenty-seven years old, well into adulthood, and was not under the influence of any drugs or alcohol.

[23] Further, when Thomas asked to represent himself, he also asked for a speedy trial and indicated that he thought he should be released because he believed he had been held in jail for too long without an initial hearing. Thomas thus

indicated some familiarity with criminal law and procedure. He also informed the court he had been using the jail's law library to conduct research. Finally, in the course of setting bond during the initial hearing, the trial court learned from the prosecutor that Thomas had been the subject of at least two prior criminal cases. This is ample evidence from which the trial court could have determined Thomas was sufficiently intelligent and experienced to represent himself. *See Cooper v. State*, 900 N.E.2d 64, 70-71 (Ind. Ct. App. 2009) (trial court adequately investigated Cooper's competency; Cooper understood the allegations against him and, despite being a high school dropout, was twenty-five years old, could read and write, was not under the influence of substances, had been involved with the court system before, and was aware of his right to counsel).

[24] Turning to whether Thomas was sufficiently informed of the perils of proceeding without counsel, the Indiana Supreme Court has "deliberately eschewed any attempt to formulate a rigid list of required warnings, talismanic language, or formulaic checklist." *Hopper v. State*, 957 N.E.2d 613, 619 (Ind. 2011), *on reh'g*. Nevertheless, a trial court's complete failure to inform a probationer of the perils of waiving the right to counsel is grounds for reversal. *See, e.g.*, *Eaton v. State*, 894 N.E.2d 213, 217 (Ind. Ct. App. 2008) (trial court advised probationer of right to counsel but did not address whether probationer wanted the assistance of counsel, or wished to waive the right to counsel, before asking probationer to admit or deny allegations), *trans. denied*; *Bumbalough v. State*, 873 N.E.2d 1099, 1102 (Ind. Ct. App. 2007) (trial court informed

probationer of right to counsel but did not discuss waiver of that right with probationer); *Bell v. State*, 695 N.E.2d 997, 999 (Ind. Ct. App. 1998) (trial court failed to advise probationer of his right to counsel and did not attempt to determine whether probationer wanted to waive that right).

[25]     In contrast to those cases, in Thomas' case the trial court provided ample warning to Thomas of the perils of waiving the right to counsel. Thomas was represented by counsel during the plea agreement negotiation phase and during guilty plea proceedings. He signed an advisement of rights in conjunction with his guilty plea, in which he indicated he understood that an attorney's tasks included preparing a defense and subpoenaing witnesses.

[26]     Next, at the beginning of the August 15, 2019 initial hearing on the State's Petition, the trial court informed Thomas that during the evidentiary hearing, Thomas would have the right to cross-examine the State's witnesses and the right to call witnesses for his own defense. The trial court further stated that Thomas had the right to counsel. After Thomas stated he wanted to represent himself, the trial court reminded him that this case involved a felony conviction, which is a serious matter. Finally, the trial court informed Thomas that: (1) he would be held to the same standards of conduct as the deputy prosecutor; and (2) the deputy prosecutor understood the rules of procedure and knew how to prepare and try a case. Under these facts and circumstances, we conclude Thomas was sufficiently informed of the perils of waiving the right to counsel. *See Cooper*, 900 N.E.2d at 69 (probationer knowingly waived right to counsel; trial court advised probationer of due process rights including the right

to cross-examine and the right to present evidence; court also advised probationer of the potential sentencing consequences of being found in violation of probation).

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Bailey, J., and Vaidik, J., concur.