## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daniel R. Ross,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 31, 2015

Court of Appeals Case No.
20A05-1504-CR-146

Appeal from the Elkhart Superior Court

The Honorable Teresa L. Cataldo, Judge

Trial Court Cause No.
20D03-0601-FB-7

**Mathias, Judge.**

[1] Daniel Ross ("Ross") pleaded guilty in the Elkhart Superior Court to Class B felony dealing in cocaine or a narcotic drug. The trial court ordered Ross to

serve fifteen years in the Department of Correction with nine years suspended to probation. After being released from prison, Ross violated the terms of his probation, and he admitted the violation. The trial court then ordered him to serve three years and ninety days of his suspended sentence with ninety days executed in the Department of Correction and the remaining three years served on home detention. Ross then violated the terms of the community corrections program while on home detention. The State subsequently filed a probation violation petition, and after Ross's admission of the violation, the trial court ordered him to serve the remainder of his previously suspended sentence. On appeal, Ross argues that his admission of his second probation violation was not voluntary and that the trial court abused its discretion in ordering him to serve the remainder of his suspended sentence.

[2] We affirm.

**Facts and Procedural History**

[3] On May 11, 2006, Ross pleaded guilty to Class B felony dealing in cocaine or a narcotic drug. The trial court ordered him to serve fifteen years in the Department of Correction with nine years suspended to probation on February 18, 2008. After completing the executed portion of his sentence, Ross was released to probation on October 11, 2011.

[4] The State filed a petition alleging that Ross had violated his probation on May 10, 2013. The trial court held a hearing on August 14, 2013, and Ross admitted that he ingested illicit drugs in violation of his probation. The trial court ordered

him to serve three years and ninety days of his previously suspended sentence with ninety days executed at the Department of Correction and the remaining three years served on home detention. The court suspended the remainder of Ross's original nine-year suspended sentence to probation. Appellant's App. p. 79.

[5] On December 29, 2014, Elkhart Community Corrections filed a notice of violation with the trial court alleging that Ross tested positive for methamphetamine and that two glass pipes with residue and a bottle of ephedrine pills were discovered in his home. The State subsequently filed a violation of probation petition referencing the same allegations listed in the Community Corrections petition.

[6] The trial court held a probation violation hearing on January 15, 2015. At the hearing, the court informed Ross of the allegations against him, his right to an attorney, his right to an evidentiary hearing with the opportunity to confront and cross-examine witnesses, his right against self-incrimination, his right to an appeal, and the penalties that could be imposed if the court found that he violated probation. Tr. pp. 3-5. The court also confirmed that Ross understood the allegations brought against him, his rights, and the possible penalties that could be imposed if he was found in violation. Tr. p. 5.

[7] After some expressed indecision, Ross told the court that he did not wish to be represented by an attorney. The court again reminded Ross that it could impose the remainder of his nine-year suspended sentence. Ross acknowledged that he

understood the court's statement and then admitted his second probation violation as alleged. The trial court revoked his probation and ordered him to serve the remainder of his suspended sentence in the Department of Correction. The probation department determined that Ross was entitled to 540 days credit time that would be applied toward the nine-year executed sentence. Ross now appeals.

## I. Ross's Admission

Ross argues that his admission was not knowing and voluntary because the court did not properly and correctly advise him of the reasons why he was in court or the maximum and minimum sentence that he could face if found in violation of probation.[1] "Probation is a favor granted by the State, not a right to which a criminal defendant is entitled." *Cooper v. State*, 900 N.E.2d 64, 66 (Ind. Ct. App. 2009) (quoting *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005)). A probationer faced with a petition to revoke his probation is not entitled to the full panoply of rights he enjoyed prior to conviction. *Rosa v. State*, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). For instance, "[t]he rules of evidence do not apply in a revocation proceeding, and the State's burden of proof is lower, as the State need prove an alleged violation of probation by only a preponderance of evidence." *Id.*

---

[1] Ross incorrectly alleges that State did not file a violation of probation petition. Appellant's Br. at 4. In fact, the State filed the violation of probation petition on January 13, 2015. Appellee's App. p. 1.

[9] A defendant is entitled to certain due process protections prior to the revocation of his probation. *Bell v. State*, 695 N.E.2d 997, 998 (Ind. Ct. App. 1998). These protections include written notice of the claimed violation, disclosure of evidence against him, the opportunity to be heard and present evidence, the right to confront and cross-examine witnesses, and a neutral and detached hearing body. *Id.* The defendant is also entitled to representation by counsel. *Id.* (citing Ind. Code § 35-38-2-2(e)). When a probationer proceeds pro se and chooses to admit rather than to challenge his alleged probation violation, his knowing, intelligent, and voluntary waiver of counsel may be established even if the record does not show that he was warned of the pitfalls of self-representation. *Greer v. State*, 690 N.E.2d 1214, 1217 (Ind. Ct. App. 1998).

[10] The transcript from Ross's revocation hearing provides:

> The Court: Mr. Ross, we're here on a violation of probation petition. And we're here on the initial hearing on that violation. The --the purpose of this hearing is to inform you of the allegations against you and what your legal rights are. If you do not understand the charges or what your legal rights are, please let me know and I will explain them more fully.
>
> You have the right to have an attorney represent you. If you want an attorney to represent you but cannot afford one, the court will appoint an attorney for you if you qualify. But you should request the court to do so as soon as possible.
>
> If you choose to deny the allegations, you have the right to have an evidentiary hearing, which is basically a trial. At this hearing the [S]tate would have to prove one or more of the allegations by a preponderance of the evidence. You would have the right to

confront and cross-examine the witnesses against you. You would also have the right to subpoena witnesses at no cost to testify in your behalf.

At your evidentiary hearing, you cannot be compelled to testify against yourself regarding any allegations that you were --that you have committed a new criminal offense, because you have the right to remain silent regarding those new criminal charges. As to all other allegations, however, you may be placed under oath and called to give testimony against yourself. You have the right to appeal the court's decision if the court finds that you violated your probation, after an evidentiary hearing. If the court finds that you violated a condition of your probation, it may continue or extend your probation, modify the conditions of your probation, or order you to serve the balance of your suspended jail sentence.

***

It looks like from your original sentencing, nine years of your fifteen-year term was suspended. So that means that any or all of that suspended nine years can now be imposed, probation can be extended or again any other sanction that the court would deem appropriate can be imposed. Do you understand the allegations made in the probation violation?

Ross: Yes, ma'am.

The Court: Do you understand your rights?

Ross: I do.

The Court: And do you understand the possible penalty for that violation?

Ross: I'm not sure I did until today—

The Court: But now you understand that those nine years that were suspended can be imposed.

Ross: I do.

Tr. pp. 3-5.

[11] As this portion of the transcript reflects, the trial court set out the allegations of the probation violation and explained to Ross his rights and the possibility that he could have his original nine-year suspended sentence reinstated. Ross stated that he understood what the court communicated to him. We therefore conclude that the trial court properly advised Ross of the nature of the violation and the potential penalties he could face, and as such his admission to the probation violation was voluntary.

## II. Revocation of Probation

[12] Ross further argues that the trial court erred in revoking his probation and ordering him to serve the remainder of his previously suspended nine-year sentence. He specifically contends that the trial court only had authority to revoke his home detention placement. We treat a hearing on a petition to revoke a placement in a community corrections program the same way as we do a hearing on a petition to revoke probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). We review a trial court's sentencing decision for a probation violation as an abuse of discretion. *Alford v. State*, 965 N.E.2d 133, 135 (Ind. Ct.

App. 2012) (citing *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[13] Probation revocation is a two-step process. *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006).[2] First, the court must make a factual determination that a violation of probation has occurred. *Id.* When a probationer admits to the violation, the court can proceed to the second step of the inquiry and determine if the violation warrants revocation. *Id.* In making a determination of whether the violation warrants revocation, the probationer must be given an opportunity to present evidence that mitigates his violation. *Id.*

[14] Upon a revocation of probation, a trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of the initial sentencing. *Alford*, 965 N.E.2d at 135; Ind. Code § 35-38-2-3(h)(1)–(3).

[15] Ross contends that because he was placed in a community corrections program, the trial court was required to suspend the sentence for a fixed period, to end no later than the date the suspended sentence expires. *See* Ind. Code § 35-38-2.6-4.

---

[2] This case is unrelated to the aforementioned *Cox* case.

He argues that the suspended sentence would expire after he completed his home detention placement.

[16] This argument is based on the premise that the trial court's August 14, 2013, order did not suspend to probation the remaining portion of Ross's previously suspended nine-year sentence. This is not accurate. When Ross was sanctioned for his first probation violation, the trial court ordered him to serve a three-year and ninety-day sentence with ninety days to be executed in the Department of Correction and the remaining three years to be served on home detention. The trial court also specifically suspended the remainder of Ross's previously suspended nine-year sentence to probation, which had not yet expired at the time of the probation violation hearing. Appellant's App. p. 79.

[17] At the probation violation hearing, Ross admitted that he violated probation, and the court then determined that Ross's violation warranted revocation of probation. The court considered that this was Ross's second probation violation related to illegal drug use and then appropriately imposed the remaining portion of his previously suspended nine-year sentence. For all of these reasons, the trial court did not abuse its discretion in revoking Ross's probation and ordering him to serve the remainder of his suspended sentence executed in the Department of Correction.

## Conclusion

We conclude that Ross's admission was voluntary and that the trial court did not abuse its discretion when it revoked Ross's probation and ordered him to serve the remainder of his previously suspended sentence.

Affirmed.

Baker, J., and Bailey, J., concur.