Nicholas W. **COOPER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 34A05–0811–CR–646.**

Court of Appeals of Indiana.

Jan. 29, 2009.

Susan K. Carpenter, Public Defender of Indiana, Monty B. Arvin, Deputy Public Defender, Kokomo, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

On direct appeal from the revocation of his probation, Nicholas W. Cooper asserts

that he did not knowingly and intelligently waive his right to counsel. We affirm.

## Facts and Procedural History

On September 28, 2007, the State charged Cooper with fraud on a financial institution, a class C felony. App. at 11; Ind.Code § 35–43–5–8(a)(2). On March 5, 2008, Cooper pled guilty to conversion, a class A misdemeanor, in exchange for the dismissal of the C felony. App. at 69, 74–75; Ind.Code § 35–43–4–3. Pursuant to the plea agreement, the court sentenced Cooper to the Howard County Criminal Justice Center for a period of one year, of which 176 days would be executed and the balance suspended. App. at 74–75. Cooper received eighty-eight actual and 176 credit days served. *Id.* at 75. He was placed on supervised probation and required to pay restitution, costs, and fees. *Id.*

On July 30, 2008, the State filed a petition to revoke suspended sentence. In the petition, the State alleged that Cooper failed to report to the probation department since April 9, 2008; was arrested on May 14, 2008 and charged with battery as a class B misdemeanor; and was arrested on July 21, 2008 and charged with possession of a controlled substance as a class D felony. Id. at 81. At an August 27, 2008 initial hearing regarding the petition to revoke probation, Cooper, pro se, admitted the allegations within the State's petition. The court revoked Cooper's probation and ordered him to serve the remainder of his suspended sentence.

## Discussion and Decision

In support of his argument that he did not knowingly and intelligently waive his right to counsel, Cooper notes that he did not graduate from high school. In addition, he asserts that the court did not advise him of the advantages of having an attorney or the disadvantages of proceeding pro se. He claims that his questions during the hearing show that he did not understand the proceedings.

"Probation is a favor granted by the State, not a right to which a criminal defendant is entitled." *Sanders v. State,* 825 N.E.2d 952, 955 (Ind.Ct.App.2005), *trans. denied.* A probationer faced with a petition to revoke his probation is not entitled to the full panoply of rights he enjoyed prior to the conviction. *Rosa v. State,* 832 N.E.2d 1119, 1121 (Ind.Ct.App. 2005). For instance, "[t]he rules of evidence do not apply in a revocation proceeding, and the State's burden of proof is lower, as the State need prove an alleged violation of probation by only a preponderance of the evidence." *Id.*

A defendant is entitled to certain due process protections prior to the revocation of his probation. *Bell v. State,* 695 N.E.2d 997, 998 (Ind.Ct.App.1998). These protections include written notice of the claimed violation, disclosure of the evidence against him, the opportunity to be heard and present evidence, the right to confront and cross-examine witnesses, and a neutral and detached hearing body. Id. Additionally, the defendant is entitled to "representation by counsel." *Id.* (citing Ind.Code § 35–38–2–3(e)).

"The law is well settled that whenever a defendant proceeds without the benefit of counsel, the record must reflect that the right to counsel was voluntarily, knowingly, and intelligently waived." *Bumbalough v. State,* 873 N.E.2d 1099, 1102 (Ind.Ct.App.2007). That is, the trial court must determine the defendant's competency to represent himself and establish a record of the waiver. *Id.* "There are no magic words a judge must utter to ensure a defendant adequately appreciates the nature of the situation. Rather, determining if a defendant's waiver was knowing and intelligent de-

pends on the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." *Eaton v. State,* 894 N.E.2d 213, 218 (Ind.Ct.App.2008) (citations and quotation marks omitted), *trans. denied; cf. Leonard v. State,* 579 N.E.2d 1294, 1296 (Ind.1991) (noting that even in non-probation context, there is no rigid mandate setting forth specific inquiries that a trial court must make before determining that a defendant has waived his right to counsel; and citing guidelines found in *Dowell v. State,* 557 N.E.2d 1063, 1066–67 (Ind.Ct.App.1990), *trans. denied* ).[1]

■ Moreover, when a probationer proceeds pro se and chooses to admit rather than to challenge his alleged probation violation, his knowing, intelligent, and voluntary waiver of counsel may be established even if the record does not show that he was warned of the pitfalls of self-representation. *Greer v. State,* 690 N.E.2d 1214, 1217 (Ind.Ct.App.1998).

■ We review de novo a trial court's finding that a defendant waived his right to counsel. *Miller v. State,* 789 N.E.2d 32, 37 (Ind.Ct.App.2003). In order to properly analyze Cooper's contention, we find it necessary to include the majority of the transcript from the initial hearing.

Judge McGraw: Alright. As soon as I find the petition here. Mr. Cooper *you're brought before this court on Petition to Revoke your Probation filed by the Howard County Probation Department in which they are asking that the unsuspended portion of your sentence be imposed against you, which would be 189 days, for violation of your probation in that you failed to report to the probation department since April the 9th and you were arrested and charged with a charge of Battery as a Class B misdemeanor and you were arrested for Possession of a Controlled Substance as a Class D felony.* You've been brought before the court to admit or deny the allegations contained in the Petition to Revoke your Probation *you are afforded* the same constitutional rights you're afforded, are afforded to every criminal in a criminal prosecution, that is you have the right to enter a denial to the allegations, a right to have a copy of the petition filed against you, *the right to be represented by an attorney at each and every stage of the proceedings, the right to compulsory process for the obtaining of evidence and witnesses in your favor, the right to remain silent and you cannot be compelled to testify against yourself, the right to face and cross-examine all witnesses that be called against you.* You do not have the right to a trial by jury and you do not have the right to require the State to prove your violation beyond a reasonable doubt. *Do you understand?*

[Cooper]: *Yes, sir.*

Judge McGraw: *You are, however, entitled to an attorney to represent and consult with you at each and every stage of the proceedings. Have you hired an attorney to represent you?*

---

1. The guidelines suggested in *Dowell* include: (1) advising the defendant of the nature of the charges against him and the possibility of lesser included offenses and mitigating circumstances; (2) advising the defendant that self-representation is almost always unwise, that he will not receive special treatment from the court, that he will have to abide by the same standards as an attorney as to the law and procedure, and that the State will be represented by experienced professional legal counsel; (3) advising the defendant that an attorney has skills and expertise in preparing for and presenting a proper defense; and (4) inquiring into the educational background of the defendant, his familiarity with legal procedures and rules of evidence, and his mental capacity. 557 N.E.2d at 1066–67.

[Cooper]: *No, Your Honor, and I don't need one. I'd like to go ahead and plead true on that.*

Judge McGraw: *On the Petition to Revoke?*

[Cooper]: *Yes, sir.*

Judge McGraw: *Alright. You understand that we can impose the full 189 days remaining in your sentence?*

[Cooper]: *Yes, Your Honor.*

Judge McGraw: *And you're giving up your right to an attorney at this point?*

[Cooper]: *Yes, Your Honor.*

Judge McGraw: Are you under the influence of any drug, medication or intoxicant?

[Cooper]: No, sir.

Judge McGraw: Are you a high school graduate?

[Cooper]: No, sir.

Judge McGraw: Can you read and write?

[Cooper]: Yes, sir.

Judge McGraw: Have you been before the court system before?

[Cooper]: Yes, sir.

Judge McGraw: *Do you have an attorney representing you in the other matters that are filed, the Possession of a Controlled Substance and the Misdemeanor Battery?*

[Cooper]: *Yeah, I applied for one, I haven't got a reply yet but—*

Judge McGraw: *Oh, it's a public defender?*

[Cooper]: *Yes, sir.*

Judge McGraw: *Alright. And you at this time then—, so you know you have the right to an attorney and you're waiving that, is that correct?*

[Cooper]: *Yes, sir, I do not need one.*

Judge McGraw: Has anyone used force or threatened you to enter a denial or admission to these allegations?

[Cooper]: No, sir.

Judge McGraw: Has anyone made you any promises that might cause you to admit this violation?

[Cooper]: No, sir.

Judge McGraw: Now, do you remember the violation that I read to you?

[Cooper]: Yes, Your Honor.

Judge McGraw: Do you admit or deny those allegations?

[Cooper]: Yes, I done pled guilty to the Battery.

Judge McGraw: You admit that, no, we're not pleading to the criminal cases, this is your probation—

[Cooper]: Oh, yeah—

Judge McGraw: Do you admit that you violated the terms and conditions of your probation that I previously read to you?

[Cooper]: Yes, sir.

Judge McGraw: And by that, you're telling me you did violate the probation on the rules that I read, is that correct?

[Cooper]: Yes, sir.

Judge McGraw: Alright. Counsel, do you have a factual basis for that admission? Are you submitting the criminal charges filed? Are they filed in this court or in—

Mr. McCann [for the State]: (Inaudible) I don't know, Judge, (inaudible)—

[Cooper]: No, Your Honor.

Judge McGraw: Well, just a second, I should have looked.

Mr. McCann: (Inaudible) cause number (inaudible) identifying (inaudible)?

Judge McGraw: Yeah, you're right, counsel, and I closed it up without getting it out. Actually, it isn't, they didn't put in on there. And you're right, most probation, yeah, it is not, counsel. Yeah,

one was on 5/14/08 and the other was on 7/21/08, he has two of them.

. . .

Judge McGraw: The first one's a misdemeanor, the second one's charged as a felony, Possession of a Controlled Substance. . . .

Judge McGraw: Well, it was just the allegation that those were filed in those causes. The court will take judicial notice of the criminal charges filed in the other divisions of the court as a factual basis, alright. How old are you, sir?

[Cooper]: I am 25.

Judge McGraw: Date of birth?

[Cooper]: 10/31/82.

Judge McGraw: The court finds the defendant fully understands the allegations brought against him and his constitutional rights as they pertain thereto. The court finds his true age to be 25 years. Upon the defendant's admission the court now finds the defendant has violated all terms and conditions of his probation. Judgment is now entered. Recommendation by the State?

Mr. McCann: Your Honor, based upon the new charges and the admission that he violated the terms and conditions of probation, the State would recommend that his suspended sentence be imposed and he be required to serve the remainder of his time in the Indiana Department of Correction.

Judge McGraw: OK, now, are you being held on those other charges, like the July charges, the drug charges? Have you ever posted bond on those?

[Cooper]: No, sir, I'm still being held.

Judge McGraw: OK, I just wanted to get it straight, alright.

[Cooper]: And that was in this one—

Judge McGraw: The order of the court is as follows—, pardon me?

[Cooper]: I'm sorry, I said, yeah, and that one would be a misdemeanor, that would by county time, correct, if it's filed under A mis—

Judge McGraw: 189 days, you're not going to get to the State, no.

[Cooper]: Oh.

Judge McGraw: Alright. On the defendant's admission then the court now finds that the defendant has violated the terms and conditions of his probation, terminates said probation as unsatisfactory. The defendant is now ordered to serve the remainder of his sentence of 189 days. The defendant will receive no credit prior to today, which is the admission, and the defendant may commence service of this sentence, 189 days, on today's date. That will suspend any credit time on the criminal offense on which he's being held. Have we got that?

Court Reporter: I do.

Judge McGraw: OK. The defendant's remanded to the custody of the sheriff to commence service of sentence.

[Cooper]: 189 days starts right now?

Judge McGraw: 189 days starts today, that means you don't get credit for the other offenses, you understand?

[Cooper]: Yes.

Judge McGraw: Alright. You've got to watch double credit.

[Cooper]: That means—

Mr. McCann: This count is consecutive to the other one so it doesn't credit on you (inaudible)—

Judge McGraw: That's why he hasn't pled the others yet so I don't have one to make it consecutive.

Mr. McCann: (Inaudible) and then you'll (inaudible) credit time on the drug (inaudible).

Judge McGraw: Right.

[Cooper]: (Inaudible).

Mr. McCann: (Inaudible).

Judge McGraw: It's 189 days is what it says in the report so I presume that because you're not receiving any credit while you're being held on other criminal violations.

Tr. at 2–10 (emphases added).

Two days later, Judge McGraw called Cooper back to court for a clarification.

Judge McGraw: Now, Mr. Cooper, I think you appeared in front of me Wednesday, didn't you?

[Cooper]: Yes, Your Honor.

Judge McGraw: And you entered an admission to a probation revocation because you wanted to start your time?

[Cooper]: Yes, sir.

Judge McGraw: And I read you all your constitutional rights?

[Cooper]: Yes, sir.

Judge McGraw: Since there wasn't a plea agreement I forgot to advise you that *you have a right within 30 days to appeal that decision that I entered against you and if you want to appeal that decision and you do not have the money to hire an attorney, the court's required to appoint one for you, do you understand that?*

[Cooper]: *Yes, sir.*

Judge McGraw: Alright. Those are the rights I forgot to tell you. I just wanted you to be informed on the record that you have those rights, do you understand that?

[Cooper]: Yes, sir, and can I—, oh—

Judge McGraw: *Do you wish an attorney appointed to represent you for an appeal at this time?*

[Cooper]: *Yes, Your Honor.*

Judge McGraw: Alright. The court then appoints the Howard County Public Defender's Office to represent the defendant in processing any appeal he may wish to pursue. Thank you.

Court Reporter: They'll contact you out at the jail (inaudible).

Judge McGraw: Alright.

*Id.* at 11–13 (emphases added).

As the highlighted portions of the transcript reflect, the trial court clearly set out the allegations of probation violations and the consequence (possible reinstatement of the 189–day suspended sentence) if the violation was established/admitted. More than once, the court informed Cooper of his right to an attorney, Cooper indicated that he understood, and Cooper stated that he did not need a lawyer in the proceeding. The court inquired into Cooper's background, age, educational experience, ability to read, as well as whether any force, threats, or pressure had been applied. The court learned that Cooper was twenty-five years old, could read and write despite not having finished high school, and had not been subjected to any pressure or promises. In addition, the court asked if Cooper was under the influence of any substances and whether he had legal experience. Cooper denied being under the influence of any substances, noted that he had been before the court system before, and explained that he had requested a public defender to represent him regarding other charges. This information, coupled with the fact that Cooper did ask for and receive appellate counsel, shows that Cooper knew how to exercise his right to an attorney when he so desired. Indeed, Cooper was neither particularly young nor unfamiliar with the legal system.

Unlike the defendant in *Eaton*, Cooper "express[ed] an unequivocal desire to proceed without counsel" at his probation revocation proceeding. *Cf.* 894 N.E.2d at 217. Furthermore, the various questions and answers regarding Cooper's background, experience, and conduct support the con-

clusion that Cooper's waiver of his right to representation was voluntary, knowing, and intelligent. *Cf. Bumbalough,* 873 N.E.2d at 1102 ("reversing and remanding where record was 'silent' as to whether trial court determined that defendant's waiver was voluntary, knowing, and intelligent"); *Bell,* 695 N.E.2d at 999 (reversing probation revocation where court never advised defendant of right to counsel, *and* record was silent as to whether court determined defendant's waiver was voluntary). Because the circumstances in the present case convince us that Cooper's waiver was valid, we find no violation of due process in this regard. *See Greer,* 690 N.E.2d at 1218–19 (holding that trial court properly determined on the record that defendant knowingly, intelligently, and voluntarily waived his right to counsel in probation revocation case).

Affirmed.

ROBB, J., and BROWN, J., concur.