

FILED

Oct 17 2017, 7:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy Allen,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 17, 2017

Court of Appeals Case No.
24A05-1706-CR-1303

Appeal from the Franklin Circuit
Court.
The Honorable J. Steven Cox, Judge.
Trial Court Cause No.
24C01-1108-FB-48

**Sharpnack, Senior Judge**

## Statement of the Case

[1] Timothy Allen appeals from the trial court's order revoking his probation and imposing the execution of Allen's previously-suspended, twenty-year sentence in the Department of Correction, contending that he did not waive his right to counsel at the fact-finding hearing on the petition to revoke his probation. The

State agrees that the record does not reflect a valid waiver of the right to counsel. We reverse and remand.

## Facts and Procedural History

[2] Allen pleaded guilty to conspiracy to manufacture methamphetamine for which he received a twenty-year suspended sentence to be served on supervised probation. The probation violation petition at issue here alleged that Allen had committed new crimes involving dealing in methamphetamine, as a Level 3 felony, possession of methamphetamine, as a Level 5 felony, illegal possession of precursors, a Level 6 felony, and maintaining a common nuisance, a Level 6 felony.

[3] Allen appeared pro se at his initial hearing on the petition, which was conducted at the same time as the initial hearing on the new allegations filed under a separate cause number. The trial court advised Allen of his rights under the newly filed charges. At that time, Allen told the trial court that he needed an attorney. Tr. p. 5. The trial court indicated that the issue would be addressed later. After the trial court completed the advisement of rights with respect to all pending issues, allegations, and charges, the court asked Allen why he could not hire his own counsel. Allen responded by saying that he would attempt to hire private counsel, but that he was currently without funds to do so. The trial court then addressed Allen's potential eligibility for pauper counsel as follows:

THE COURT:  Okay, the Court will enter preliminary pleas of not guilty on your behalf and denial on the probation violation and we'll set the matter for an omnibus date, uh, for May the 10th, set the matter for a pre-trial which you're ordered to attend . . . unless you have an attorney on the 8th of June, 2017 at 1:00 o'clock.  And you're still receiving benefits?

[ALLEN]:  Yes, I [am] getting ready to go . . . Your Honor.  I'm getting ready to go to rehab, uh, suppose[d] to be tomorrow. . . .

THE COURT:  Why can't you hire counsel?

[ALLEN]:  Well, I'm going to try, Your Honor, but I've got to see how much money I can save because I've still got . . . .  I don't got [sic] control of my money.  My sister does, but she pays all my bills.  I'm going to save . . . . get an attorney if I can. Now, can I have so much time to try to get an attorney, Your Honor?

THE COURT:  Well, you've got until June the . . . . whatever date I just gave you, June the 9th.

[ALLEN]:  Well, I . . . . can I possibly try to see if I can get me an attorney before I get appointed attorney?

THE COURT:  I'm sorry.  June the 8th is the first date that you have to appear . . . [sic]

[ALLEN]:  Okay.

THE COURT:  . . . . but . . .uh, an attorney would be beneficial to you so that you don't miss deadlines for the omnibus date which is a month before that, but if you . . . . I don't know if you're asking for counsel or not.  You have income, . . . .

[ALLEN]:  Yeah.

THE COURT:  . . . .so you're not indigent.

[ALLEN]:  No.

THE COURT:  So you probably don't qualify for it.

[ALLEN]:  Okay.

THE COURT: But I don't know what your obligations are . .
[sic] I don't know . . . . I mean . . . .

[ALLEN]: Yeah, we've been looking for . . . I have been looking
for attorneys, but they want pretty lot down . . . so that's why I'm
trying to save up money and to . . . and hope I can get one.

THE COURT: Okay, I don't know what your Motion is today?

[ALLEN]: Today, I want to try and get my own attorney for
right now . . . . you're talk . . . . Your Honor.

THE COURT: You're going to try to get your own?

[ALLEN]: Yes, yes.

Tr. pp. 7-8.

[4] After a continuance, the fact-finding hearing on the probation violation was held on May 24, 2017. The State raised the issue of Allen's attempt to gain legal representation, noting that he presently appeared pro se. Specifically, the State said: "Your Honor, I don't know if it's a preliminary matter. I talked to Mr. Allen prior and he said he was going to get an attorney. So, I don't know if you want to address that, or we just proceed." *Id.* at 12. The trial court responded by saying, "Well, Mr. Allen told me at the Initial Hearing he was going to hire an attorney, and he was free to that, and he didn't. So this is the fact finding and we're ready to proceed." *Id.* The matter proceeded without any inquiry about Allen's efforts to obtain counsel, his ability to pay, and the record does not reflect that Allen affirmatively waived his right to counsel. Further, there was no advisement given to Allen of the dangers of proceeding pro se.

[5] At the conclusion of the hearing, the trial court found Allen had violated the terms and conditions of his probation and imposed the execution of the twenty-year, previously-suspended, sentence to be executed in the Department of Correction. This appeal ensued.

## Discussion and Decision

[6] The dispositive issue upon which we decide Allen's challenge to his probation revocation is the issue of his waiver of the right to counsel. "Probation is a favor granted by the State, not a right to which a criminal defendant is entitled." *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied.* When faced with a petition to revoke probation, a probationer is not entitled to the full panoply of rights he enjoyed prior to the conviction. *Rosa v. State*, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2015). However, a petitioner is entitled to certain due process protections such as representation by counsel. *Cooper v. State*, 900 N.E.2d 64, 66 (Ind. Ct. App. 2009); *see also*, Ind. Code § 35-38-2-3(e) (2017).

[7] Here, the State agrees with Allen that the record does not reflect a valid waiver of the right to counsel. Appellee's Br. p. 7. If a petitioner makes the decision to proceed without the benefit of counsel, we must be confident that the record reflects that the right to counsel was voluntarily, knowingly, and intelligently waived. *Cooper*, 900 N.E.2d at 66. Without such, we are without an adequate record to establish waiver. *Id.*

[8] We recognize that there are no magic words a trial court must utter to ensure that the defendant appreciates the situation, but the particular facts must show

that the defendant understands, based on his background, experience, and conduct, the nature of the situation. *Id.*

[9] We agree with the following from the State's brief:

> [T]hat the record in this case is inadequate to show a knowing, voluntary, and intelligent waiver of the right to counsel. Allen was never advised of the pitfalls of proceeding without an attorney. He was never fully questioned about his ability to understand and appreciate the proceedings. In fact, he told the trial court that he did not read well and repeated that he was confused throughout the fact-finding hearing (Tr. 4, 24, 26-27, 29). The trial court did not establish that Allen understood that he had a right to counsel if he could not afford to retain his own, that he was waiving that right, and that certain dangers inure to proceeding pro se. Therefore, the State agrees that the trial court's order revoking Allen's probation should be reversed, and the case remanded to the trial court for a new fact-finding hearing.

Appellee's Br. p. 8.

# Conclusion

[10] In light of the foregoing, we reverse the revocation of probation and remand for for further proceedings consistent with this opinion.

[11] Reversed and remanded.

Kirsch, J., and Pyle, J., concur.