## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 18 2018, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gary Mitchell, *Appellant-Defendant,* | April 18, 2018 |
| v. | Court of Appeals Case No. 78A01-1707-CR-1611 |
| | Appeal from the Switzerland Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable W. Gregory Coy, Judge |
| | Trial Court Cause No. 78C01-0902-FC-599 |

**Barnes, Judge.**

## Case Summary

Gary W. Mitchell appeals the trial court's revocation of probation and imposition of his previously-suspended sentence. We reverse and remand for further proceedings.

## Issue

The sole issue before us is whether the record establishes that Mitchell knowingly, voluntarily, and intelligently waived his right to counsel before being sanctioned for violating probation.

## Facts

On June 30, 2006, the State charged Mitchell with Class C felony operating a vehicle with a lifetime suspension, Class A misdemeanor operating a vehicle while intoxicated endangering a person, and Class C misdemeanor operating a vehicle while intoxicated. On July 10, 2007, he pled guilty as charged, and on August 15, 2007, the trial court sentenced him to eight years with four years suspended on the Class C felony and one year on the Class A misdemeanor, to be served concurrently. The trial court entered judgment of conviction on August 27, 2007.[1]

On September 7, 2007, Mitchell moved to stay the remainder of his sentence, or in the alternative, for a change of placement to electronic home monitoring or

---

[1] The trial court dismissed the Class C misdemeanor conviction as a lesser-included offense of the Class A misdemeanor.

work release so that he could maintain his employment and insurance benefits. After a hearing, the trial court entered an order on October 22, 2007, allowing Mitchell to serve the executed portion of his sentence of four years on work release under supervision of Southeast Regional Community Correction ("SRCC") and placing Mitchell on probation for eight years. One condition of Mitchell's community corrections placement was that he would comply with all rules established by the Sheriff of Dearborn County and SRCC. We affirmed Mitchell's sentence. *Mitchell v. State,* No. 78A01-0710-CR-495, slip op. at 8 (Ind. Ct. App. Feb. 29, 2008).

[5] On November 12, 2008, the Switzerland County Probation Department filed a verified petition of probation violation, alleging that Mitchell was arrested for another criminal offense on November 7, 2008, while he was on work release. The trial court conducted a fact-finding hearing on June 30, 2010.[2] Mitchell appeared with counsel, N. Alan Miller, III, and admitted to the probation violation. Miller asked that the sanction hearing be "set out 30 to 45 days in regard to witnesses that we would like to call." Fact-Finding Tr. p. 4. The trial court scheduled a sanction hearing for August 20, 2010. Mitchell failed to appear, and a warrant was issued for his arrest. Miller withdrew his appearance one week later.

---

[2] The June 2010 fact-finding occurred after three continuances and two changes of counsel.

[6] Seven years later, on June 13, 2017, Mitchell was arrested on the outstanding warrant. He appeared pro se before the trial court on June 14, 2017. The trial court did not read advisements regarding Mitchell's right to counsel or ask if he desired counsel before determining that Mitchell's admitted 2010 violation warranted revocation of his previously-suspended sentence. Mitchell asked for "leniency" and stated that he had led a law-abiding life since 2010, was the sole income earner in his household, and maintained health insurance for his wife, who suffers from a debilitating condition, and adult step-daughter, who is autistic. When asked why he had absconded for seven years, Mitchell replied, "I just started a family, got married, [and was] working." Sanction Hearing Tr. p. 4. The trial court stated,

> We can give you credit for the August 6, 2009 to November 4, 2009. I do not believe that gets you all the way to two (2) actual years. You would have had to have done 730 days and my rough calculation would show that you did about 467. So you never completed your sentence. You were arrested again and you have chosen not to address this matter for a considerable period of time. Anything else you want to say before the Court pronounces sentence?

*Id*. at 5-6. Mitchell responded that he was daunted by "the restitution or the amends or whatever as far as program and . . . wasn't ready to come to terms with that part of it yet." *Id*. at 6, 7. The trial court revoked the previously-suspended portion of Mitchell's sentence and committed him to the Department of Correction for four years. He now appeals.

## Analysis

[7]     Mitchell argues that the trial court denied him due process in revoking his previously-suspended sentence and ordering him to serve four years in the Department of Correction.  Specifically, he argues that the trial court failed to advise him of his right to counsel before revoking his previously-suspended sentence. [3]  Appellant's Br. p. 8.  Decisions to revoke probation and to impose sanctions for a probation violation are within the sound discretion of the trial court.  *Heaton v. State,* 984 N.E.2d 614, 616 (Ind. 2013).  We review such decisions for an abuse of that discretion.  *Id.*  A trial court abuses its discretion by ruling in a way that is clearly against the logic and effect of the facts and circumstances before it, or by misinterpreting the law.  *Id.*

[8]     Probation and community corrections programs serve as alternatives to commitment to the DOC, and both are made at the sole discretion of the trial court.  *McQueen v. State,* 862 N.E.2d 1237, 1242 (Ind. Ct. App. 2007).  Community corrections is "a program consisting of residential and work release, electronic monitoring, day treatment, or day reporting[.]"  Ind. Code § 35-38-2.6-2.  A defendant is not entitled to serve a sentence in either probation or a community corrections program.  *Id.*  Rather, placement in either is a

---

[3] Mitchell also claims that his due process rights were violated because "he was not advised that his counsel withdrew," and he "was not allowed a hearing to present mitigating evidence as to why his probation should not be revoked." Appellant's Br. p. 8.  Because we find his right to counsel claim to be dispositive, we do not reach these additional claims, save to note that each of these "grievances" resulted directly from his failure to appear in 2010.  He was not *denied* information about his counsel's withdrawal; rather, he was unaware (but surely should have surmised) the fact of his counsel's withdrawal because he absconded for seven years.  Nor was he was *denied* a hearing; rather, he failed to appear for the sanction hearing that was scheduled in 2010 to facilitate his then-counsel's efforts to secure witnesses favorable to him.  Fact-Finding Tr. p. 4.

"matter of grace" and a "conditional liberty that is a favor, not a right." *McQueen,* 862 N.E.2d at 1242 (quoting *Cox v. State,* 706 N.E.2d 547, 549 (Ind. 1999)). However, once the State grants that favor, it cannot simply revoke the privilege at its discretion. *Parker v. State,* 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997). Probation revocation implicates a defendant's liberty interest, which entitles him or her to some procedural due process. *Id.* (citing *Morrissey v. Brewer,* 408 U.S. 471, 482, 92 S. Ct. 2593, 2600-2601 (1972)).

[9] When faced with a petition to revoke probation, a probationer is not entitled to the full panoply of rights enjoyed prior to the conviction. *Rosa v. State,* 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2015). However, a petitioner is entitled to certain due process protections such as representation by counsel. *Cooper v. State,* 900 N.E.2d 64, 66 (Ind. Ct. App. 2009); *see also,* I.C. § 35-38-2-3(e).

[10] If a petitioner makes the decision to proceed without the benefit of counsel, we must be confident that the record reflects that the right to counsel was voluntarily, knowingly, and intelligently waived. *Cooper,* 900 N.E.2d at 66. Without such, we are without an adequate record to establish waiver. *Id.* We recognize that there are no magic words a trial court must utter to ensure that the defendant appreciates the situation, but the particular facts must show that the defendant understands, based on his background, experience, and conduct, the nature of the situation. *Id.*; *see also Bell v. State,* 695 N.E.2d 997, 999 (Ind. Ct. App. 1998) (Where a probationer proceeds without counsel, the record must show that (s)he was made aware of the nature, extent, and importance of the right to counsel as well as the necessary consequences of waiving such a right.).

If the record fails to establish that the probationer's waiver of the right to counsel was voluntary, knowing, and intelligent, then reversal is required even if the probationer, without the benefit of counsel, admitted the violations. *Bumbalough v. State,* 873 N.E.2d 1099, 1102 (Ind. Ct. App. 2007).

[11] Although Mitchell was represented by counsel at the 2010 violation hearing, the record reveals that there was no knowing, voluntary, and intelligent waiver of counsel at the 2017 sanction hearing.[4] He was never fully questioned about his ability to understand and appreciate the proceedings. Nor was he advised regarding the importance of the right to counsel and the dangers and pitfalls of self-representation. This was error. Because the trial court did not establish that Mitchell understood that he had a right to counsel if he could not afford to retain his own, that he was waiving that right, and that certain dangers inure to proceeding pro se, we must conclude that its order revoking Mitchell's previously-suspended sentence should be reversed and the case remanded for a new sanction hearing, at which Mitchell may be represented by counsel.

## Conclusion

[12] The record does not establish that Mitchell voluntarily, knowingly, and intelligently waived his right to counsel before the trial court sanctioned him for

---

[4] We fully appreciate the irony of the situation that befell the trial court here. Having previously granted Mitchell (and his then-counsel) grace to schedule favorable witnesses for a 2010 sanction hearing, only to be met with a seven-year absconder, the trial court sentenced Mitchell immediately upon his 2017 arrest. Irony aside, the fact remains that the record does not reflect a valid waiver of Mitchell's right to counsel.

violating probation. We reverse and remand for further proceedings consistent with this opinion.

[13] Reversed and remanded.

[14] Najam, J., and Mathias, J., concur.