## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 23 2019, 10:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E. Hamilton
Fortville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William E. Glesing, III, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 23, 2019 <br><br> Court of Appeals Case No. 18A-CR-847 <br><br> Appeal from the Hancock Superior Court <br><br> The Honorable Terry K. Snow <br><br> Trial Court Cause No. 30D01-1706-F6-1287 |

**Crone, Judge.**

## Case Summary

William E. Glesing, III, appeals the trial court's revocation of his probation. The sole restated issue presented for our review is whether Glesing knowingly, voluntarily, and intelligently waived his right to counsel before admitting to violating his probation. Concluding that, under the totality of the circumstances, Glesing validly waived his right to counsel, we affirm.

## Facts and Procedural History

On June 22, 2017, the State charged Glesing with level 6 felony domestic battery. Glesing pled guilty to that charge on October 3, 2017. The trial court sentenced Glesing to two years in the Hancock County jail with all but fourteen days suspended to probation. Appellant's App. Vol. 2 at 20, 26.

The State filed a notice of probation violation on November 15, 2017, after Glesing failed a urine drug screen. During a hearing held on December 13, 2017, Glesing appeared pro se and admitted to violating his probation, and his probation was continued by the trial court.[1] After the probation department completed an evaluation of Glesing for the "Heroin Protocol" drug treatment program, Glesing was placed in Simply Divine transitional housing. Tr. Vol. 2 at 4.

Shortly thereafter, the State filed a notice of probation violation and petition to revoke, alleging that Glesing had violated his probation by refusing to submit a

---

[1] The transcript of this hearing was not included in the record on appeal.

urine sample at Simply Divine and being discharged by the facility. A hearing was held on February 7, 2018, at which Glesing again appeared pro se. Prior to the start of the hearing, Glesing read and signed an advisement of rights form. Tr. Vol. 2. at 4. The form included an advisement that Glesing had "the right to be represented in this case by a lawyer" and that the court would appoint a lawyer if he could not afford one. Appellant's App. Vol. 2 at 34. The form also advised Glesing that he had "the right to have [that] lawyer with [him] whenever someone wants to question [him] in this case." *Id.* During the hearing, the trial court asked Glesing if he understood his constitutional rights as provided on the form, and Glesing advised the court "Yes, I did." *Id.* The court then advised and asked, "At this time you can admit the violation, deny the violation, or ask for a continuance to talk to a lawyer[.] Do you know what you want to do?" *Id.* at 5. Glesing informed the court, "Um – I'll admit it." Tr. Vol. 2. At 5. Glesing then told the court that he thought that he and the director of the Heroin Protocol program had an agreement that perhaps he could reside in a different facility. Because the director was not available, the trial court continued the matter for a dispositional hearing on February 21, 2018.

[5] Following the hearing held on February 21, Glesing was returned to probation.[2] A week later, the State filed another notice of probation violation and petition to revoke alleging that Glesing committed three new crimes in Marion County:

---

[2] A transcript of the February 21, 2018, hearing is not included in the record on appeal.

level 6 felony attempted auto theft; class B misdemeanor public intoxication; and class B misdemeanor disorderly conduct. A hearing was held on March 16, 2018, at which Glesing again appeared pro se. During that hearing, the following exchange took place:

> THE COURT: Because you're charged with a violation of the terms of probation in this cause, you have certain Constitutional rights. Before we started you were handed an initial hearing violation of rights form, returned to the bench purportedly signed by you. Did you read and sign this document?
>
> MR. GLESING: Yes, I did.
>
> THE COURT: Did you understand it?
>
> MR. GLESING: Yes, I did.
>
> THE COURT: Do you have any questions about your rights?
>
> MR. GLESING: No, I do not.
>
> THE COURT: At this time, you can admit the violation, deny the violation, or ask for a continuance to talk to a lawyer. Do you know what you want to do?
>
> MR. GLESING: Admit the violation.
>
> THE COURT: By admitting the violation, you're telling me that you committed this offense in Marion County and that you were on probation at that time. Is that correct?

MR. GLESING:  I- I was arrested, Your Honor.

THE COURT:  I understand you were arrested.  That's different than saying you did it.  Is that case still pending?

MR. GLESING:  Yes, sir.

THE COURT:  All right.  Then you probably want to uh – decline to admit it at this time, wouldn't you think?

MR. GLESING:  Uh- I don't know.  Depending on if I'm allowed to have bond ….

THE COURT:  You won't have bond on this case.  I'll tell you that right now.

MR. GLESING:  Okay.

THE COURT:  I'll tell you what we're going to do.  We're going to do it this way.  We're going to make it easy on you.  I'm going to enter a denial on your behalf.

MR. GLESING:  Your honor?  Can I go ahead and admit it because I'm going to take a plea out there.  I was just waiting on something here to –

THE COURT:  Okay.  Then you admit that you committed one or more of those offenses while you were on probation out of this Court?

MR. GLESING:  Yes, Your Honor.

THE COURT:  Is that correct?

MR. GLESING:  Yes, Your Honor.

THE COURT:  All right. Who represented you before in this Court?

MR. GLESING:  I was pro se, Your Honor.

THE COURT:  You were always pro se?

MR. GLESING:  Yes, Your Honor.

THE COURT:  You want to stay that way or do you want a lawyer?

MR. GLESING:  I'll stay that way, Your Honor.

…

THE COURT:  This is not your first rodeo.

MR. GLESING:  It's not, Your Honor.

Tr. Vol. 3 at 4-8.

[6]     At the conclusion of the hearing, the trial court revoked Glesing's probation and ordered him to serve the remainder of his previously suspended sentence. This appeal ensued.

# Discussion and Decision

[7] Glesing challenges the trial court's revocation of his probation based upon his pro se admission that he violated his probation. Specifically, he claims that he did not knowingly, voluntarily, and intelligently waive his right to counsel before he admitted to violating his probation. Although probation is a favor granted by the State and not a right to which a defendant is entitled, a defendant is still entitled to some due process protections before his probation may be revoked. *Cooper v. State*, 900 N.E.2d 64, 66 (Ind. Ct. App. 2009). One of those due process protections is the right to be represented by counsel. Ind. Code § 35-38-2-3(e). If a defendant elects to proceed without counsel, the record must reflect that he waived his right to counsel knowingly, voluntarily, and intelligently. *Cooper*, 900 N.E.2d at 66.

[8] "We review de novo a trial court's finding that a defendant waived his right to counsel." *Butler v. State*, 951 N.E.2d 255, 260 (Ind. Ct. App. 2011). There are no specific words or phrases that a trial court must utter to produce a valid waiver of counsel by a defendant. *Hammerlund v. State*, 967 N.E.2d 525, 527-28 (Ind. Ct. App. 2012). Rather, "determining if a defendant's waiver was knowing and intelligent depends on the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." *Eaton v. State*, 894 N.E.2d 213, 218 (Ind. Ct. App. 2008), *trans. denied* (citations and quotation marks omitted).

[9] Here, the record establishes that Glesing was well aware of his right to be represented by counsel during his probation revocation proceedings and to have that counsel appointed at public expense. Glesing read and signed at least two advisement of rights forms that specifically advised him of those rights, and Glesing informed the court, on more than one occasion, that he understood his rights and had no questions about them. Indeed, during the March 16, 2018, revocation hearing, before accepting Glesing's admission to his probation violation, the trial court asked Glesing if he was sure he wanted to enter the admission and then again confirmed with Glesing that he knew he had the right to be represented by counsel. The court explained to Glesing what the implications of his admission were and even cautioned Glesing that perhaps he should enter a denial. Glesing unequivocally assured the court that he wished to continue to represent himself and to admit to committing a new criminal offense in violation of his probation. Glesing acknowledged to the court that it was not his "first rodeo" and that he knew exactly what he was doing. Tr. Vol. 3 at 8. Based on the totality of these circumstances, we conclude that Glesing's waiver of counsel was knowing, voluntary, and intelligent.

Accordingly, we affirm the trial court's revocation of his probation.[3]

[10] Affirmed.

Bradford, J., and Tavitas, J., concur.

---

[3] Relying on *Martin v. State*, 813 N.E.2d 388 (Ind. Ct. App. 2004), Glesing briefly argues that the evidence is insufficient to support the revocation of his probation because he admitted only to being arrested on new charges, and that an admission to an arrest alone cannot support the revocation of probation. *Id.* at 390 (holding that State could not rely on defendant's admission to being arrested to prove by preponderance of evidence that he violated probation by committing another criminal offense). We disagree with Glesing as the record clearly establishes that he admitted to committing at least one of the Marion County offenses, not simply to being arrested. Glesing further suggests that we should reverse and remand for a new revocation hearing because the Marion County charges were subsequently dismissed two months after his probation was revoked. We find the subsequent dismissal of the charges to be of no moment to his admission to violating his probation in committing those offenses or to whether he knowingly, voluntarily, or intelligently waived his right to counsel prior to the admission.