## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 17 2020, 7:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

J. Clayton Miller
Jordan Law, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey Sparks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 17, 2020

Court of Appeals Case No.
20A-CR-986

Appeal from the Union Circuit Court

The Honorable Matthew Cox, Judge

Trial Court Cause No.
81C01-1502-F4-39

**Mathias, Judge.**

[1] Jeffrey Sparks ("Sparks") appeals from the order of the Union Circuit Court revoking his probation and ordering him to serve two years of his previously

suspended sentence. On appeal, Sparks contends that the trial court did not properly advise him of his right to counsel and that he did not knowingly and intelligently waive his right to counsel. Concluding that the trial court properly advised Sparks of his right to counsel and that Sparks knowingly and intelligently waived this right, we affirm.

## Facts and Procedural History

[2] On February 27, 2015, the State charged Sparks with two counts of Level 4 felony dealing in a narcotic drug. Sparks later pleaded guilty to one count of Level 4 felony dealing in a narcotic drug, and, in exchange, the State dismissed the other charge. On February 12, 2016, the trial court sentenced Sparks to six years, with two years executed and four years suspended to probation. Sparks was released from incarceration and began his probation in July 2016.

[3] Just over a year later, on August 1, 2017, the State filed a petition alleging that Sparks had violated the terms of his probation. Sparks admitted to the allegations on January 8, 2018, and the trial court revoked six months of the previously suspended sentence and ordered Sparks to serve that six months on home detention, then return to probation.

[4] On January 31, 2019, the State filed its second petition alleging that Sparks had violated the terms of his probation. Sparks again admitted to the allegations, and on August 19, 2019, the trial court ordered Sparks to serve twenty days in jail, followed by more probation.

On February 13, 2020, the State filed its third petition alleging that Sparks had violated the terms of his probation. This petition alleged that Sparks had been charged with disorderly conduct and admitted to his probation officer that he had used methamphetamine, fentanyl, and ecstasy in the prior two months. The trial court held an initial hearing on March 2, 2020, at which the trial court advised several defendants of their rights as follows:

> You have the right to be represented by an attorney at every critical stage of your case, which includes everything from plea negotiations, to trial and to an appeal. You have the right to hire your own attorney. If you choose to hire your own attorney, you must do so within twenty days, if you've been charged with a felony, or ten days from today, if you've been charged only with one or more misdemeanors. If you cannot afford an attorney, the Court may appoint one for you, if you qualify as being truly indigent. However, you do have the right to proceed on your own and without an attorney. *If you choose to proceed on your own and without an attorney, you are advised that attorneys have education, training and experience in plea negotiations, they're better able to identify and evaluate potential defenses and evidentiary or procedure[al] issues that may exist in your case. . . .*

> If the State has filed a petition to revoke your probation and or community corrections supervision, your rights are the same with the following exceptions[:]

> "You have the right to a trial to the court and not to a jury. Next, the State must prove the allegations in your petition by a preponderance of the evidence[,] not beyond a reasonable doubt because your case is civil in nature and not criminal. And the other difference is . . . you do not have the right to remain silent at your trial because your case is civil and not criminal, and the State could potentially call you as a witness to testify against yourself."

Tr. pp. 4–5 (emphasis added).

[6]    The court then addressed Sparks individually, advising him of the nature of the allegations in the petition and informing him that, if the court found that he violated the terms of his probation, "you have three years and one hundred sixty days of revocable time that could be served at the Indiana Department of Corrections." *Id*. at 7. Sparks informed the court that he understood. The following colloquy then ensued:

|  |  |
|---|---|
| THE COURT: | Do you wish to admit or deny the allegation today? |
| THE DEFENDANT: | I wish to plead guilty, your Honor. |
| [Sparks placed under oath] | |
| THE COURT: | . . . Has anyone forced you, in any way, to admit that you violated your probation? |
| THE DEFENDANT: | No, your Honor. |
| THE COURT: | Do you understand all of your rights? |
| THE DEFENDANT: | Yes, your Honor. |
| THE COURT: | Including the right to be represented by an attorney? |
| THE DEFENDANT: | Yes, your Honor. |
| THE COURT: | Do you wish to go forward without an attorney today? |
| THE DEFENDANT: | Yes, your Honor. |

| | |
|---|---|
| THE COURT: | And you understand the amount of time that is revocable? |
| THE DEFENDANT: | Yes, your Honor. |
| THE COURT: | Three years plus one hundred and sixty days? |
| THE DEFENDANT: | Yes, your Honor. |
| THE COURT: | And, again, no one has forced you, in any way, to admit that you violated your probation? |
| THE DEFENDANT: | No, your Honor. |
| THE COURT: | And are you under the influence of any alcohol, drugs or prescribed medication? |
| THE DEFENDANT: | No, your Honor. |
| THE COURT: | Does the State have any questions? |
| THE STATE: | No. No, Judge. |
| THE COURT: | Jeff, do you now admit that you violated your probation? |
| THE DEFENDANT: | Yes, your Honor. |
| THE COURT: | The Court will accept your admission and the Court will enter judgment that you violated your probation. . . . |

*Id*. at 7–8.

After hearing arguments by both the State and Sparks regarding the sanction to be imposed, the trial court stated:

> Because this is your third violation, Jeff, I am going to revoke two years of the previously suspended sentence. Once that two year period is served, you will remain on probation as desired and will get you back into services. Until then, you will spend, uh, two years, do one, at the Indiana Department of Correction[] to serve your third violation. Uh, I could revoke the entire time. In fact, uh, I probably should since this is the third violation, uh, but I'm not going to. I'm going to keep you, back on probation for the last one year and one hundred and sixty days of the suspended sentence.

*Id*. at 12. Sparks now appeals.

## Applicable Law and Standard of Review

We have repeatedly noted that probation is a favor granted by the State, not a right to which a defendant is entitled. *Butler v. State*, 951 N.E.2d 255, 259 (Ind. Ct. App. 2011) (citing *Cooper v. State*, 900 N.E.2d 64, 66 (Ind. Ct. App. 2009)). Thus, a probationer facing a petition to revoke his probation is not entitled to the full panoply of rights he enjoyed before his conviction. *Id*. For instance, the rules of evidence do not apply in a revocation proceeding, and the State need prove an alleged violation of probation only by a preponderance of the evidence. *Id*. Still, a probationer is entitled to certain due process protections before his probation may be revoked. *Id*. Among these rights is the right to counsel. *Id*. (citing Ind. Code § 35-38-2-3(f) (providing that a probationer is

entitled to the rights of "confrontation, cross-examination, and representation by counsel" at a revocation hearing)).

[9] When a probationer proceeds without the benefit of counsel, the record must indicate that he knowingly, intelligently, and voluntarily waived his right to counsel. *Id.* (citing *Cooper*, 900 N.E.2d at 66). That is, the trial court must determine the defendant's competency to represent himself and establish a record of the waiver. *Id.* There are no "magic words" a judge must say to ensure a defendant adequately appreciates the nature of the situation. *Id.* (citing *Kubsch v. State*, 866 N.E.2d 726, 736 (Ind. 2007)). Instead, determining if a probationer's waiver was knowing and intelligent "depends on the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused." *Id.* (quoting *Kubsch*, 866 N.E.2d at 736).

[10] When a probationer proceeds pro se and chooses to admit rather than to challenge his alleged probation violation, his knowing, intelligent, and voluntary waiver of counsel may be established even if the record does not show that he was warned of the pitfalls of self-representation. *Id.* (citing *Greer v. State*, 690 N.E.2d 1214, 1217 (Ind. Ct. App. 1998), *trans. denied*)[1]. "[W]hen a

---

[1] Our supreme court's original opinion in *Hopper v. State*, 934 N.E.2d 1086, 1088 (Ind. 2010) ("*Hopper I* "), arguably abrogated *Greer* by requiring, without carving out exceptions for admissions to allegations of probation violations, that "in the future a defendant expressing a desire to proceed without counsel is to be advised of the dangers of going to trial . . . and also be informed that an attorney is usually more experienced in plea negotiations and better able to identify and evaluate any potential defenses and evidentiary or

pro se probationer in a revocation proceeding chooses to admit his alleged probation violation, the trial court is not required to warn him of the dangers of self-representation because he will not be going to trial" and is not in danger of "conviction" at the hands of the state. *Id.* at 260.

[11] Our review of a trial court's ruling that a defendant waived his right to counsel is de novo. *Id.* (citing *Cooper*, 900 N.E.2d at 67).

## Discussion and Decision

[12] Sparks claims that the trial court failed to specifically advise him regarding his right to counsel and the consequences of waiving that right. He therefore argues that he did not knowingly, intelligently, and voluntarily waive his right to counsel. We disagree.

[13] The trial court gave an advisement of rights to a number of people, including Sparks, that specifically informed him of his right to counsel and that an attorney would be appointed for him if he could not afford to hire one.[2] And even though it was not required to do so, the trial court informed Sparks that an

---

procedural problems in the prosecution's case." *See Hammerlund v. State*, 967 N.E.2d 525, 528 (Ind. Ct. App. 2012). However, "[o]n rehearing, [] the Indiana Supreme Court adopted a more flexible, case-specific approach to such matters and cited *Greer* and other cases with approval, saying that '[t]hese cases and others like them may serve as helpful comparative guideposts to trial and appellate courts.'" *Id.* (quoting *Hopper v. State*, 957 N.E.2d 613, 619 (Ind. 2011) ("*Hopper II*"). We therefore concluded that "*Greer*, while perhaps once abrogated, is again good law and may serve as guidance to trial courts and practitioners." *Id.*

[2] Sparks's argument that he may have not listened to or understand the *en masse* advisement is mere speculation. Sparks admits he was present during the advisement, and there is no indication that Sparks is unable to hear and understand the English language. To the contrary, Sparks spoke clearly and intelligently with the trial court.

attorney has education and experience that would be helpful in identifying defenses, evidentiary and procedural issues, and in negotiating a plea agreement with the State. The trial court also individually questioned Sparks to ensure that he understood his rights (including his right to counsel), that Sparks was not under the influence of any intoxicating substances, and that he was not being coerced. And the trial court informed Sparks of the potential sanctions he faced if he admitted to violating his probation. Still, Sparks indicated that he wished to proceed pro se and admit the violations.

[14] Under similar facts and circumstances, we have previously held that a probationer knowingly waived his right to counsel. *See Butler*, 951 N.E.2d at 261 (holding that probationer knowingly waived his right to counsel where the trial court told him that he had a right to an attorney, that one would be appointed for him if he could not afford an attorney, and trial court confirmed that probationer wanted to proceed without an attorney and admit to the violation); *Cooper*, 900 N.E.2d at 70 (holding that defendant knowingly waived his right to counsel at probation hearing where the court clearly set out the alleged violations and the potential sanctions, informed the probationer of his right to an attorney, inquired into probationer's background, ensured that he was under no coercion or other undue influence, and probationer stated that he did not need an attorney); *Greer*, 690 N.E.2d at 1217 (holding that defendant knowingly waived his right to counsel at probation hearing where the trial court advised him of his right to counsel, that one would be appointed for him if he

could not afford to hire private counsel, and warned him of the consequences that might result if he admitted to the alleged violations).

[15] Furthermore, Sparks is not unfamiliar with the criminal justice system. In this case alone, he was charged, pleaded guilty, and participated in two prior probation revocation hearings. Additionally, the pre-sentence investigation report reveals that Sparks has an extensive criminal history consisting of at least nine prior convictions. *See Butler*, 951 N.E.2d at 261 (noting probationer's extensive experience with the criminal justice system as supporting its conclusion that he knowingly waived his right to counsel).

[16] Sparks's citation to *Eaton v. State*, 894 N.E.2d 213, 217 (Ind. Ct. App. 2008), *trans. denied,* is unavailing, as that case is readily distinguishable. In *Eaton*, the trial court asked the probationer if he wanted to hire private counsel or have a public defender appointed. Eaton replied that he was indigent and "if I did have an attorney it would have to be an appointed one." *Id.* Without pursuing the matter any further, the trial court then asked Eaton if he wished to admit or deny the allegations, and the issue of counsel was not brought up again. Under these facts, we held that "Eaton's statement falls short of expressing an unequivocal desire to proceed without counsel. Indeed, it seems to be more a request for counsel than a refusal, even if an equivocal one." *Id.*

[17] The facts of this case are very different from those in *Eaton*: here, the trial court advised Sparks of his right to counsel, that one would be appointed if he could not afford counsel, the advantages of having counsel, and the consequences of

revocation. Still, Sparks indicated his desire to proceed without counsel. *Eaton* is therefore not controlling.

## Conclusion

[18] The trial court properly advised Sparks of his right to counsel, the advantages of representation by counsel, and the consequences of admitting to the violations and further ensured that Sparks was not under the influence of any substances or subject to coercion. Sparks also had experience in the criminal justice system. Still, Sparks indicated his desire to proceed without an attorney. We therefore conclude that Sparks knowingly and intelligently waived his right to counsel, and we affirm the judgment of the trial court.

[19] Affirmed.

Bradford, C.J., and Najam, J., concur.